

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0207-12

**CHIDIEBELE GABRIEL OKONKWO, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW**
**FROM THE FOURTEENTH COURT OF APPEALS**
**FORT BEND COUNTY**

ALCALA, J., delivered the opinion of the Court in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined. COCHRAN, J., filed a concurring opinion in which JOHNSON and HERVEY, JJ., joined. MEYERS, J., did not participate.

## O P I N I O N

The State's petition for discretionary review asks whether trial counsel for Chidiebele Gabriel Okonkwo, appellant, rendered ineffective assistance by failing to request a jury instruction on the defense of mistake of fact.[1] Answering this question in the affirmative, the

---

[1] The mistake-of-fact defense is codified at Texas Penal Code Section 8.02, which provides, "It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the

court of appeals reversed appellant's conviction for forgery of money. *Okonkwo v. State*, 357 S.W.3d 815, 821 (Tex. App.—Houston [14th Dist.] 2011); TEX. PENAL CODE § 32.21(b).[2] The State asserts two challenges. First, it contends that the court of appeals erroneously used a subjective standard to assess whether defense counsel was ineffective. Second, it argues that, under an objective standard, counsel could not be held ineffective for failing to request a mistake-of-fact instruction because the State had to prove that appellant knew the money was forged as an element of its case. We disagree with the State on its first challenge and agree on its second. The court of appeals did properly apply an objective standard, although it erred by failing to weigh the evidence in a light most favorable to the trial court's ruling. Furthermore, the court of appeals erred by determining that counsel was objectively ineffective in light of the record in this case, which shows that it was an inconsistent, alternative theory asserted by appellant's trial counsel, and its inclusion may have lessened the State's burden of proof. We, therefore, reverse the judgment of the court of appeals.

## I. Background

### A. Facts

According to appellant, he received $60,000 dollars in the mail from a man in Nigeria whom he had never met, who told appellant that he needed assistance in making purchases

---

offense." TEX. PENAL CODE § 8.02(a).

[2] Appellant was charged with forgery of money, a third-degree felony. TEX. PENAL CODE § 32.21(b) (person commits offense if he "forges a writing with intent to defraud or harm another") & (e)(1) (when writing is part of an issue of money, forgery is third-degree felony).

in the United States. Appellant claimed that he believed the money was authentic currency. He took the money to three different locations with the intent of obtaining money orders. After he successfully obtained two money orders, he was arrested when a clerk who was suspicious about the authenticity of the money called the police. The police confirmed that the money had been forged. At trial, the sole issue was whether appellant knew that the money was forged.

The jury instructions required the State to prove that appellant, "with the intent to defraud and harm another, possess[ed] a forged writing, namely money, and . . . possessed the writing with the intent to pass the writing and with knowledge that the writing was forged . . . ." Focusing on the instruction's requirement that a defendant act with the intent to defraud or harm another, appellant's counsel argued in his closing statements that the State had failed to prove forgery because a person cannot "intentionally or intend to act to defraud or harm another with currency that you don't know is counterfeit." Rejecting this argument, the jury found appellant guilty.

Appellant filed a motion for new trial claiming that he had received ineffective assistance of counsel based on counsel's failure to request the inclusion of a mistake-of-fact instruction. The only evidence introduced was counsel's affidavit, in which he stated that his failure to make the request was inadvertent and not the result of trial strategy. The trial court denied the motion for new trial without rendering findings of fact or conclusions of law.

**B. Direct Appeal and State's Petition for Discretionary Review**

The court of appeals reversed appellant's conviction. *Okonkwo*, 357 S.W.3d at 819-21. It determined that counsel was ineffective for failing to request the instruction on mistake of fact and concluded that this error harmed appellant because the jury was precluded from considering his sole defense. *Id*. The State challenges this analysis in two grounds in its petition for discretionary review.

First, as on direct appeal, the parties dispute whether a subjective or objective standard should be used to assess the effectiveness of counsel. Appellant prefers the former and the State the latter. Focusing on this dispute, the State asks, "Must a reviewing court look beyond the testimony of trial counsel to determine whether not requesting a mistake-of-fact instruction was objectively reasonable?"

Second, also as on direct appeal, the parties dispute whether counsel was ineffective by failing to request an instruction on mistake of fact. The State argues that counsel was not ineffective because the substance of the mistake-of-fact instruction was subsumed by the charge describing the elements of the offense and that the instruction, which lessened the State's burden of proof, would not have benefitted appellant. Appellant responds that, even if that is true, he was nonetheless statutorily entitled to that defense, which was his only defense, and that counsel, therefore, was ineffective in failing to request it. Addressing this dispute, the State's second ground for review asks, "Can it ever be deficient performance not to request a mistake-of-fact instruction when the offense requires the State to prove

knowledge of that fact beyond a reasonable doubt?"

As to these two grounds, we conclude that, under an objective standard, appellant's counsel was not unreasonable in failing to request the instruction. Counsel, therefore, did not render deficient performance.

## II. *Strickland*[3] Error Standard Is Objective

In its first ground for review, the State argues that the court of appeals improperly focused on counsel's subjective self-assessment rather than reviewing his conduct objectively. Appellant responds that the court of appeals properly considered counsel's admission that his failure to request the instruction was not tactical. In deciding an ineffective-assistance claim, a reviewing court must analyze the reasonableness of counsel's conduct on the facts of the particular case, viewed at the time of the conduct. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). An appellant must identify counsel's acts or omissions that he alleges are not the result of reasonable professional judgment. *Id.* The court must then determine whether, in light of all the circumstances, the acts or omissions were outside the wide range of professionally competent assistance. *Id.* "[A]n act or omission that is unprofessional in one case may be sound or even brilliant in another." *Ex parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005) (internal quotations omitted).

Courts "commonly assume a strategic motive if any can be imagined and find

---

[3]    *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to prevail on ineffective-assistance claim, defendant must prove (1) that counsel's performance fell below objective standard of reasonableness and (2) that deficient performance actually prejudiced defendant). We do not reach the prejudice inquiry because we determine that counsel did not perform unreasonably.

counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); *see also Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002). However, when no reasonable trial strategy could justify his conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of counsel's subjective reasons for his conduct. *Andrews*, 159 S.W.3d at 102; *see also Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). Therefore, the focus of appellate review is the objective reasonableness of counsel's actual conduct in light of the entire record.

Appellant cites *Hardwick v. Crosby* for the proposition that "[t]he mere incantation of 'strategy' does not insulate attorney behavior from review." 320 F.3d 1127, 1186 (11th Cir. 2003). Neither, however, does the mere incantation of "no strategy." As *Hardwick* states, the appellate court reviews "attorney behavior." *Id*.

Contrary to the State's suggestion that the court of appeals used a subjective standard to find ineffective assistance based solely on counsel's testimony, the court of appeals articulated and applied an objective standard. It based its decision not only on counsel's affidavit[4] but also on the facts that (1) mistake of fact was appellant's only defense and (2) he would have been entitled to an instruction had he requested it. *See Okonkwo*, 357 S.W.3d at 819-20. Although we ultimately disagree with its application of the objective standard,

---

[4]     As we note below, the court of appeals should have examined the record in a light most favorable to the trial court's ruling and, therefore, should have entirely disregarded counsel's affidavit.

which we address in the State's second ground for review, we hold that the court of appeals did properly employ an objective standard to evaluate counsel's performance. We, therefore, overrule the State's first ground for review.

### III. Counsel's Failure to Request Mistake-of-Fact Instruction Was Not Objectively Unreasonable

In its second ground for review, the State asks, "Can it ever be deficient performance not to request a mistake-of-fact instruction when the offense requires the State to prove knowledge of that fact beyond a reasonable doubt?" Appellate courts, however, should decide cases on the narrowest available ground, and resolution of this case does not require resolution of this question as it might to pertain to all other cases. *See Randolph v. State*, 353 S.W.3d 887, 895 n.32 (Tex. Crim. App. 2011) ("The prudent jurist will typically decide cases on the narrowest, surest ground available, leaving tougher calls, with broader implications, for future cases that squarely present them.") (internal quotations omitted). Instead, we need only decide whether the court of appeals erred in reversing the trial court's denial of appellant's motion for new trial claiming ineffective assistance of counsel. We conclude that it did.

#### A. Deferential Standard of Review

As noted above, the trial court denied appellant's motion for new trial. An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial court's ruling was clearly erroneous and arbitrary. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). A trial court abuses its discretion if no

reasonable view of the record could support its ruling. *Id*. This requires the appellate court to view the evidence in the light most favorable to the trial court's ruling. *Id*. In the absence of express findings, as here, we presume that the trial court made all findings, express and implied, in favor of the prevailing party. *Id*. at 459.

The trial court, as factfinder, is the sole judge of witness credibility at a hearing on a motion for new trial with respect to both live testimony and affidavits. *Id*. Accordingly, the appellate court must afford almost total deference to a trial court's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Id*. at 458. This same deferential review must be given to a trial court's determination of historical facts based solely on affidavits, regardless of whether the affidavits are controverted. *Id*. at 457. Here, in viewing the evidence in a light most favorable to the trial court's ruling, the court of appeals should have deferred to the trial court's implied finding that counsel's affidavit lacked credibility. In the absence of that affidavit, the court of appeals should have examined the totality of the record in a light most favorable to the trial court's ruling to assess whether counsel, under an objective standard, rendered ineffective assistance.

## B. Counsel Did Not Render Ineffective Assistance

Appellant was charged with forgery of a writing, which required the State to prove that he acted "with intent to defraud or harm another." TEX. PENAL CODE § 32.21(b). When intent to defraud is the *mens rea* of the offense, the State must prove facts from which that

intent is deducible beyond a reasonable doubt and, in the absence of that proof, a conviction will not be justified. *Stuebgen v. State*, 547 S.W.2d 29, 32 (Tex. Crim. App. 1977). Because an element of the State's case required proof that appellant acted with the intent to defraud or harm another, the State necessarily had to prove that he knew that the bills were forged, which was the same fact about which appellant claimed to have been mistaken. As this Court has explained, "While the requisite culpable mental state [for the offense of forgery of a writing] is 'intent to defraud or harm,' we fail to perceive how such culpable mental state can be shown absent proof of knowledge that the instrument is forged." *Id*. The State, therefore, correctly observes that proof of the culpable mental state necessarily proves lack of mistake regarding the authenticity of the bills.

Relying on this observation, the State contends that appellant would not have been entitled to an instruction on mistake of fact because the instruction was unnecessary. It argues that when an offense "requires proof of knowledge beyond a reasonable doubt, there is no reason to also instruct the jury that a reasonable doubt on the issue [of knowledge] requires that the defendant be acquitted." In other words, the State suggests that, because the substance of the mistake-of-fact defense was subsumed by the charge and merely negated an element the State was required to prove, a mistake-of-fact instruction would not have been required and served no purpose. *See Bruno v. State*, 845 S.W.2d 910 (Tex. Crim. App. 1993).[5] By contrast, appellant contends that, because the mistake-of-fact instruction is

---

[5]      In *Bruno*, an unauthorized-use-of-a-motor-vehicle case, Bruno testified that the owner of the vehicle had given him permission to use her car, but the owner testified that Bruno had fled with her

codified, it must be given if it negates a defendant's culpable mental state, is raised by the

evidence, and is requested by a party. *See*, *e.g.*, *Willis v. State*, 790 S.W.2d 307, 314-15 (Tex.

Crim. App. 1990); *Giesberg v. State*, 984 S.W.2d 245, 249-50 (Tex. Crim. App. 1998).[6] This

---

car without her permission. *Bruno v. State*, 845 S.W.2d 910, 911 (Tex. Crim. App. 1993). A plurality of this Court determined that a mistake-of-fact instruction was "unnecessary" because the jury could believe either Bruno or the owner, but not both. *Id.* at 913. This Court distinguished Bruno's case from those in which an instruction was required by noting that those cases involved third parties. *Id.* This Court explained that, in third-party situations, an instruction on mistake of fact must be given so that a jury has the opportunity to acquit a defendant if it determines that he reasonably believed he had the consent of the owner based on a representation made to him by a third party. *Id.* Although the Fourteenth Court of appeals did not follow *Bruno* in this case, it did at one time. *See Hopson v. State*, No. 14-08-00735-CR, 2009 Tex. App. LEXIS 2903, at *6-10 (Tex. App.—Houston [14th Dist.] Apr. 28, 2009, no pet.) (not designated for publication). Aside from the Fourteenth Court of Appeals, only one other Texas intermediate court has followed *Bruno.* In *Traylor v. State*, the Beaumont court of appeals held that the trial court properly refused to give a mistake-of-fact instruction because it "was not necessary." 43 S.W.3d 725, 730-31 (Tex. App.—Beaumont 2001, no pet.) (holding defensive instruction that Traylor was mistaken about whether victim was police officer was unnecessary because, to convict Traylor, jury had to find that he knew the victim was police officer). Only one other court of appeals has applied *Bruno*, but it did so in an unpublished decision and in the context of a harm analysis rather than an error analysis. *Turner v. State*, No. 04-03-00436-CR, 2004 Tex. App. LEXIS 7587, at *18 (Tex. App.—San Antonio Aug. 25, 2004, no pet.) (not designated for publication) (citing *Bruno*, 845 S.W.2d at 913).

[6]    *See also Louis v. State*, 393 S.W.3d 246, 253 (Tex. Crim. App.2012) (defendant entitled to mistake-of-fact instruction when raised to negate transferred intent); *Thompson v. State*, 236 S.W.3d 787, 799-800 (Tex. Crim. App. 2007) (same); *Granger v. State*, 3 S.W.3d 36, 41 (Tex. Crim. App. 1999) ("When an accused creates an issue of mistaken belief as to the culpable mental element of the offense, he is entitled to a defensive instruction of 'mistake of fact.'") (quoting *Miller v. State*, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991)); *Hill v. State*, 765 S.W.2d 794, 795 n.2 (Tex. Crim. App. 1989) ("Where a defense, such as mistake of fact, is enacted by the Legislature, the rule that it is not error to deny a requested instruction where it is an affirmative submission of a defensive issue which merely denies the existence of an essential element of the State's case becomes inapplicable."); *Knowles v. State*, 672 S.W.2d 478, 480 (Tex. Crim. App. 1984) (because evidence raised the defensive issue of mistake of fact, "it was reversible error to deny appellant's timely request for a charge on" that defense); *Sands v. State*, 64 S.W.3d 488, 495-96 (Tex. App.—Texarkana 2001, no pet.) ("Even if this [mistake-of-fact] instruction is repetitive to the required proof that the jury find beyond a reasonable doubt that Sands intentionally and knowingly committed this required element of the crime, this statute as interpreted by the Court of Criminal Appeals requires that such an instruction be given to the jury.").

Court has not yet resolved this dispute, and we need not do so here in the context of a complaint of ineffective assistance of counsel because, under either of the scenarios promoted by the State and appellant, appellant has not shown that counsel was objectively unreasonable in failing to request an instruction on mistake of fact.

The evidence introduced by appellant's trial counsel suggested defensive theories that inconsistently asserted either (1) that appellant lacked criminal intent because he honestly believed that the bills were genuine, even if he was unreasonable in that belief,[7] or, alternatively, (2) that he was reasonably mistaken about the authenticity of the bills.[8] The first alternative theory promoted by appellant's trial counsel was addressed by the jury instruction that expressly preconditioned a conviction upon a jury finding that appellant knew the currency was not authentic. In other words, the instructions on the forgery elements required the State to prove beyond a reasonable doubt that appellant actually knew the bills were forged. By comparison, had counsel pursued an instruction on mistake of fact to address his second alternative theory, the jury would have also had to decide whether that

---

[7]    For example, in his closing argument, defense counsel stated,

One thing that has been proven in this case beyond a reasonable doubt is that [appellant] handled this money and acted in the circumstances in a totally unreasonable way that lacks common sense even at a basic level. That's clear. . . . You can't intentionally or intend to act to defraud or harm another with currency that you don't know is counterfeit.

[8]    Some evidence tended to show that appellant reasonably believed the bills were genuine. Testimony showed that these types of cash transactions were typical in Nigeria and that some of the currency had been determined to be genuine when it was tested with a forgery-detection pen by a store clerk.

belief was reasonable. *See* TEX. PENAL CODE § 8.02(a). This would have been problematic for appellant because the instruction would have decreased the State's burden of proof by permitting the jury to convict him if it concluded that his mistake was unreasonable, even if it found that the belief was honest. Therefore, counsel was not objectively unreasonable in failing to request an instruction that may have caused the jury to convict him based on a lessened burden of proof.

Even if the law permitted counsel to obtain an instruction on mistake of fact under these circumstances, the failure to request the instruction was not objectively unreasonable because defensive issues "frequently depend upon trial strategy and tactics." *See Tolbert v. State*, 306 S.W.3d 776, 779-82 (Tex. Crim. App. 2010); *see also Vasquez v. State*, 830 S.W.2d 948, 950 n.3 (Tex. Crim. App. 1992) ("[J]ust because a competent defense attorney recognizes that a particular defense *might* be available to a particular offense, he or she could also decide it would be inappropriate to propound such a defense in a given case."). Under the record in this case, we conclude that counsel was not objectively unreasonable by failing to request an instruction on mistake of fact because that theory was inconsistent with a theory that counsel advanced at trial, and it would have misled the jury as to the State's burden of proof.[9] We, therefore, cannot conclude that the trial court's ruling was clearly erroneous and arbitrary and that no reasonable view of the record could support it. *See Riley*,

---

[9] We do not foreclose the possibility that an attorney could be ineffective by failing to request the instruction under different circumstances or by failing to request an instruction to negate a transferred-intent element. *See Thompson*, 236 S.W.3d at 799-800.

378 S.W.3d at 457. In light of the entire record, we hold that the court of appeals erred in determining that the trial court abused its discretion. We sustain the State's second issue as we have narrowly construed it.

## IV. Conclusion

We reverse the judgment of the court of appeals and render a judgment affirming the judgment of the trial court.

Delivered: May 15, 2013

Publish