# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00121-CR

**Willard Glen Wood, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF BELL COUNTY
### NO. 2C08-04324, HONORABLE REBECCA DEPEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Willard Glen Wood appeals his conviction for the offense of driving while intoxicated. *See* Tex. Penal Code § 49.04. In two issues, appellant contends that the trial court erred when it failed to grant his motion for new trial because his trial attorney rendered ineffective assistance of counsel. We affirm the judgment of conviction.

## BACKGROUND

On May 22, 2008, at around 2:00 a.m., a peace officer observed a vehicle speeding, failing to use turn signals, and crossing over the center line. Based on these observations, the officer pulled the vehicle over. Appellant, who was the driver of the vehicle, told the officer that he "had a couple of beers" and was coming from the "All Bottoms Up Club." The officer "could detect an odor" of alcohol and asked appellant to exit the vehicle. The officer observed that, after appellant exited the vehicle, he "was swaying," and his eyes were "bloodshot, watery." The officer

"could still detect the odor of alcohol" and began administering field sobriety tests. He first administered the horizontal gaze nystagmus (HGN) test, and all six "clues" from the test indicated that appellant "was intoxicated." The officer then attempted to administer the walk and turn test but appellant "was unable to get into the starting position and stay without almost falling over." The officer stopped the test for safety reasons. The officer read the Form DIC-24 to appellant, but appellant refused to give a specimen of his breath.[1] The officer then transported him to the intoxilyzer room. In the intoxilyzer room, the officer again read the Form DIC-24, but appellant did not agree to a breath test and requested his attorney.

A complaint and information were filed, and the matter proceeded to jury trial in September 2011. The only witness to testify at trial was the arresting officer. He testified about his observations of appellant during the traffic stop and in the intoxilyzer room, the field sobriety tests, and his opinion that appellant was driving while intoxicated. The exhibits admitted at trial included the video taken from the officer's car that recorded the traffic stop and the video from the intoxilyzer room.

After the jury found appellant guilty and with the agreement of the State and the trial court, appellant changed his election from the jury to the court to determine punishment. The trial court held the hearing on punishment in November 2011. Appellant called three witnesses to testify. The witnesses testified about their relationship to appellant, appellant's family life and his mobile DJ business, and the adverse impact that jail time or a large fine would have on appellant

---

[1] The "Form DIC-24 . . . is the written component of the statutory warning required in cases where a peace officer requests a voluntary blood or breath specimen from a person." *State v. Neesley*, 239 S.W.3d 780, 782 n.1 (Tex. Crim. App. 2007) (citing Tex. Transp. Code § 724.015).

and his family. Following the hearing, the trial court assessed a sentence of 180 days' confinement and a fine of $500 plus court costs but suspended imposition of the sentence and placed appellant on community supervision for a period of one year.

Appellant thereafter filed a motion to substitute counsel and a motion for a new trial on the ground that his trial attorney rendered ineffective assistance of counsel because he failed to "properly investigate," consult with appellant, or "prepare a proper defense." His specific complaints included the trial attorney's alleged failure to meet with him "about the facts of the case," to discuss "any possible options that [appellant] might have had available," or to obtain the training materials for field sobriety tests used by the arresting officer. The trial court held an evidentiary hearing on the motion for new trial. Appellant and his trial attorney testified at the hearing, providing conflicting versions of their communications before and during the trial and the defense strategy. After the hearing, the trial court denied the motion for new trial. This appeal followed.

**DISCUSSION**

In two issues, appellant contends that the trial court erred by failing to grant his motion for new trial because his trial attorney rendered ineffective assistance of counsel. He urges that his attorney "failed to properly prepare for the trial in order to present any defense for appellant" and that he "failed to properly prepare a defense in that he did not familiarize himself with the pertinent law pertaining to the administration of standardized field sobriety testing."

*Standards of Review*

To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence both deficient performance by counsel and prejudice suffered by the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). The appellant must demonstrate under the first prong that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009). To meet the second prong, the appellant has to show the existence of a reasonable probability—one sufficient to undermine confidence in the outcome—that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Ex parte Lane*, 303 S.W.3d at 707. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 700; *see Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Appellant raises his claim for ineffective assistance of counsel in the context of the trial court's denial of his motion for new trial. We review a trial court's denial of a motion for new trial "for an abuse of discretion, reversing only if the trial court's ruling was clearly erroneous and arbitrary." *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013) (citing *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012)). "A trial court abuses its discretion if no reasonable view of the record could support its ruling." *Id.* "This requires the appellate court to view the evidence in the light most favorable to the trial court's ruling." *Id.* "In the absence of express findings, as here, we presume that the trial court made all findings, express and implied, in favor

4

of the prevailing party." *Id.* (citing *Riley*, 378 S.W.3d at 459). "The trial court, as factfinder, is the sole judge of witness credibility at a hearing on a motion for new trial." *Id.* "Accordingly, the appellate court must afford almost total deference to a trial court's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor." *Id.* (citing *Riley*, 378 S.W.3d at 458). Informed by the applicable standards of review, we turn to appellant's issues.

*Preparation for Trial*

In his first issue, appellant contends that his trial attorney "failed to properly prepare for the trial in order to present any defense for appellant" "because he had not discussed the case with Appellant in a meaningful manner prior to trial." Appellant further urges that his trial attorney "never conferred with [appellant] concerning any possible defenses or explanations for his actions as they appeared on the video." The in-car video shows the officer administering the HGN test and then appellant attempting but failing to maintain the starting position for the walk and turn test. Appellant contends that he "suffered some physical problems that affected the way he would be able to perform the walk [and] turn field sobriety test." Appellant asserts that his trial attorney made no effort to explain appellant's poor performance on the walk and turn test at trial and that he should have obtained medical records as to appellant's physical problems to explain the poor performance.

At the hearing on the motion for new trial, appellant testified that his trial attorney did not watch the videos with him and that appellant had "virtually no discussion about the case" with his attorney prior to trial, such as the facts that appellant had physical problems with his legs and was traveling late at night between different clubs as part of his business at the time of the

traffic stop. Appellant testified about his business and his physical problems. He testified that "aneurysms in both legs" affected his ability to perform the walk and turn test. Appellant urges that, at a minimum, his trial attorney could have called one of the witnesses who testified at the sentencing hearing to address appellant's physical problems with his legs. That witness testified to an incident in which appellant "couldn't hardly move around because his leg was hurting real bad."

The trial attorney's testimony directly conflicted with appellant's testimony. The trial attorney testified that he met with appellant at least ten times prior to trial to discuss the case and that he watched the videos and discussed them with appellant. His "Client Summary" record that was admitted as an exhibit at the hearing was consistent with his testimony. The record showed that the attorney had over five hours of "case review" prior to the trial as well as eight hours of trial preparation. The trial attorney also testified that he had discussions with the prosecutor, researched the law, and reviewed the police reports and videos. The trial attorney testified that his strategy was to "contest the State's case and show that they couldn't meet their burden." He testified that he thought that the video of the traffic stop was of "poor quality" and that, after hearing the officer's testimony, he did not believe that there was a need to call appellant. The record shows that the trial attorney cross-examined the officer about his experience and training to perform the field sobriety tests, the officer's administration of the tests on appellant, the videos, and observations about appellant that supported a finding that appellant was not intoxicated.[2]

---

[2] For example, the trial attorney questioned the officer about his requests for appellant's driver's license and insurance information, and the officer did not recall appellant "fumbling" to get information for the officer. As to the walk and turn test, the trial attorney questioned the officer

Under the applicable standard of review, we presume that the trial court found the trial attorney's testimony credible, and resolved the conflicts in the testimony between the trial attorney and appellant against appellant. *Okonkwo*, 398 S.W.3d at 694. We also presume that the trial court found appellant's testimony not credible as to the effect of his alleged physical problems on his ability to perform the walk and turn test. *See id*. Although appellant complains about his trial attorney's failure to obtain medical records, appellant did not provide medical records or other evidence to corroborate his testimony that a physical condition affected his ability to perform the walk and turn test.[3] As to the witness who testified at the sentencing hearing, he testified about an

---

about the usual procedure for administering the test, which includes a demonstration of how to perform the test. The officer did not give appellant a demonstration before stopping the test. As to the videos, the trial attorney made the following argument:

> [W]hen you looked at [the videos], Mr. Wood is not swaying. Mr. Wood goes into his pocket, pulls out chapstick, uses it. He's calm. He's collected. He's even much more calm when he goes to the police station. And that's when you get a better quality of what's going on. And he tells him, I'm not participating. Get me a lawyer.

The trial attorney references a portion of the video from the traffic stop in which appellant clearly takes chapstick out of his pocket, uses it, and then puts the chapstick back in his pocket. The video from the traffic stop also is dark, inaudible, blurry, and indecipherable at times, particularly during the administration of the HGN test.

[3] During cross-examination, the trial attorney elicited the following testimony from the officer:

[Defense Attorney]:  Did he offer you a reason on why he was unstable on his feet?

[Officer]:  No. He didn't.

[Defense Attorney]:  Did you ask?

[Officer]:  I believe I did.

[Defense Attorney]:  Where is that in your report?

incident that occurred a few months before the hearing on the motion for new trial. The trial court could have disregarded this evidence because it concerned an incident occurring several years after the day of the traffic stop. Further, the trial court also saw the videos that showed appellant's movements and actions during the traffic stop and in the intoxilyzer room.

On this record, the trial court could have concluded that the trial attorney's consultation with appellant and preparation for trial did not fall below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687–88; *Ex parte Lane*, 303 S.W.3d at 707. Thus, we cannot say that the trial court abused its discretion by denying appellant's motion for new trial based on his trial attorney's alleged failure to consult with appellant or prepare a defense for him. On this basis, we overrule appellant's first issue and need not address the second prong of appellant's ineffective assistance claim as to this issue. *See Strickland*, 466 U.S. at 700.

*Standards for Administration of Field Sobriety Tests*

In his second issue, appellant contends that his trial attorney rendered ineffective assistance of counsel because his trial attorney "failed to properly prepare a defense in that he did not familiarize himself with the pertinent law pertaining to the administration of standardized field sobriety testing." Appellant focuses on his trial attorney's lack of familiarity with *Emerson v. State*, 880 S.W.2d 759 (Tex. Crim. App. 1994),[4] and the arresting officer's apparent lack of awareness of

---

[Officer]:              It's not.

   [4] In *Emerson*, the court of criminal appeals discusses the technique and reliability of the HGN test. *See generally Emerson v. State*, 880 S.W.2d 759 (Tex. Crim. App. 1994). In that case, after concluding that the test was relevant and reliable, the court affirmed the admission of the

the standards promulgated by the National Highway Traffic Safety Administration (NHTSA). Appellant contends that, because his trial attorney was not familiar with the pertinent law, he was unable to properly cross-examine the officer.

The record, however, shows that the trial attorney had the appropriate standards and guidelines before him during his cross-examination of the officer and that the officer was appropriately trained to perform field sobriety tests. The officer testified that his training was approved through the Texas Commission on Law Enforcement Officer Standards and Education. Those standards incorporate the standards promulgated by the NHTSA. *See Emerson*, 880 S.W.2d at 766. At the hearing on the motion for new trial, the trial attorney testified that he familiarized himself with the applicable standards by reviewing the Standard Field Sobriety Testing Manual and materials he had from the Texas Criminal Defense Lawyers Association.

We must presume that the trial court resolved the conflicts in the testimony between the trial attorney and appellant against appellant. *See Okonkwo*, 398 S.W.3d at 694. Finding the trial attorney's testimony credible, the trial court could have concluded that the attorney's familiarity with the applicable standards for field sobriety testing did not fall below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687–88; *Ex parte Lane*, 303 S.W.3d at 707. Thus, we cannot say that the trial court abused its discretion by denying appellant's motion for new trial based on his trial attorney's alleged failure "to properly familiarize himself with the pertinent law pertaining to the administration of standardized field sobriety testing." On this basis, we overrule appellant's second issue and need

---

officer's testimony concerning the defendant's performance on the HGN test. *Id*. at 769–70.

not address the second prong of appellant's ineffective assistance claim as to this issue.  *See*

*Strickland*, 466 U.S. at 700.

## CONCLUSION

For these reasons, we affirm the judgment of conviction.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   April 30, 2014

Do Not Publish