**Affirmed and Memorandum Opinion filed June 21, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00431-CR

### MICHAEL FERRERAS-ALCANTARA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1498308**

## M E M O R A N D U M    O P I N I O N

Appellant Michael Ferreras-Alcantara pled guilty without a sentencing recommendation to possession of a controlled substance with intent to deliver. The trial court deferred adjudication and placed appellant on community supervision for ten years. Appellant filed a motion for new trial alleging his plea was involuntary due to ineffective assistance of counsel, which the trial court denied by written order. On appeal, appellant argues the trial court abused its discretion when it denied his

motion for new trial because his trial counsel failed to advise him accurately regarding the charges he faced and the immigration consequences of a guilty plea. We overrule this issue because appellant has not demonstrated that his trial counsel's performance was deficient.

## BACKGROUND

Appellant is a permanent legal resident of the United States. In 2013, appellant attempted to smuggle a large quantity of heroin through security at Hobby Airport. Officers observed security footage that showed appellant bringing two bags, including the one found to contain heroin, through security. The officers observed appellant watching the bag as it went through the security checkpoint, where the bag drew the attention of Transportation Security Administration agents. The officers observed appellant take his other bag and then leave the security area, abandoning the bag containing the heroin. He then boarded a plane bound for New York. Police eventually determined that the bag appellant had abandoned contained between 200 and 400 grams of heroin.

Appellant was originally charged with possession of a controlled substance—specifically cocaine—weighing at least 400 grams, with the intent to deliver (Cause No. 1382040). The State eventually abandoned the "intent to deliver" language and appellant agreed to plead guilty without an agreed recommendation. Before sentencing, appellant asked the trial court for permission to withdraw his plea, which the trial court granted. The State dismissed Cause No. 1382040 and re-filed in April 2016, charging appellant with possession of a controlled substance—this time heroin—weighing more than 200 but less than 400 grams, with the intent to deliver (Cause No. 1498308). The day 1498308 was set to go to trial, appellant pled guilty without an agreed punishment recommendation. The trial court noted on appellant's plea papers that he had spoken "to immigration attorney and wishe[d] to proceed

2

with [his] plea." Eric Clay, appellant's trial counsel, confirmed in an affidavit filed in response to appellant's motion for new trial that appellant spoke with an immigration attorney prior to pleading guilty. After accepting appellant's plea, the trial court deferred adjudication of guilt and placed appellant on ten years' community supervision, imposed a $1,000 fine, and included a condition that he serve six months in jail commencing thirty days after his sentencing.

Appellant filed a motion for new trial alleging that his plea was involuntary as a result of ineffective assistance of counsel. According to appellant, he "would never have voluntarily pleaded guilty to an offense that would lead to certain deportation." Appellant stated in an affidavit attached to his motion that he had consulted with an immigration lawyer who had advised him to plead guilty only to a possession charge and not to a charge of manufacturing or delivering drugs. According to appellant, the immigration attorney told him that if he pled guilty to a possession charge, and received deferred adjudication, he "could fight [his] deportation case." Appellant further stated in his affidavit that he did not speak English with proficiency and that he had asked Clay for a translator. According to appellant, Clay told him he "did not need one because [he] had always communicated with him in English." Appellant also stated that he asked his trial counsel to explain the meaning of the charge, "possession with intent to deliver." Appellant asserted that Clay responded "it meant the same as possession, that it was because of the quantity that they could not say possession alone, that it didn't make any difference." Finally, appellant stated that Clay spoke with his immigration attorney, told her that the charge against him "was only possession and so [appellant would] be okay with immigration." Finally, appellant stated that he never intended to plead guilty to a charge of possession with intent to deliver; he instead intended to, and believed that he had, pled guilty only to a possession charge. According to

appellant, Clay "misled me and I trusted him."

Clay, appellant's trial counsel, filed a detailed affidavit addressing his representation of appellant. Clay stated, among other things, that he communicated with appellant in English throughout his two-year representation of him, and that appellant never told him that he could not understand what Clay was telling him. Clay also said that "at no time did [appellant] ask [him] to translate anything into Spanish for him." According to Clay, he advised appellant that "he can and would be deported from the United States even if he accepted a deferred adjudication." Clay stated that he frequently discussed with appellant the facts and evidence involved in his case, as well as how the case "affects his immigration status." Clay admitted he spoke with appellant's immigration attorney on the day of appellant's plea, that he told her exactly what the charges against appellant were, and that appellant had been offered deferred adjudication with additional conditions attached to the offer. After speaking with the immigration attorney, Clay once again told appellant the crime he was charged with and told him that he would be deported even if he received deferred adjudication. Finally, Clay denied that he ever told appellant that he "would not have any problems with immigration."

The trial court set appellant's motion for hearing on June 23, 2016.[1] The trial court denied the motion in a written order signed June 27, 2016. This appeal followed.

## ANALYSIS

In a single issue on appeal, appellant argues that the trial court abused its discretion when it denied his motion for new trial. Appellant's position is that his

---

[1] Although the Clerk's Record indicates the trial court set appellant's motion for hearing, no reporter's record is contained in the appellate record.

guilty plea was involuntary because his trial counsel failed to inform him correctly of the charges against him, and therefore he did not fully comprehend the immigration consequences that would flow from pleading guilty to that charge.

## I.    Standard of review and applicable law

A guilty plea is valid only if it represents a voluntary and intelligent choice among the courses of action open to the defendant. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A guilty plea based upon erroneous advice of counsel is not made voluntarily and knowingly. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012).

To establish ineffective assistance of counsel, a defendant must prove that (1) counsel's representation fell below the standard of prevailing professional norms, and (2) there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (applying *Strickland* standard to claims of ineffective assistance under the Texas Constitution). An allegation of ineffective assistance must be firmly founded in the record, which must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffective assistance. *Strickland*, 466 U.S. at 697.

The *Strickland* test applies when the defendant contends he did not have effective assistance of counsel in pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016). To provide competent advice regarding a guilty plea, an attorney must conduct independent legal and factual investigations sufficient to provide a firm command of the case and

5

the relationship between the facts and each element of the charged offense. *Ex parte Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011), *abrogated on other grounds by Cornwell v. State*, 471 S.W.3d 458, 464 (Tex. Crim. App. 2015). Our review of counsel's performance is highly deferential, beginning with the strong presumption that counsel's actions were reasonably professional and motivated by sound strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To satisfy the prejudice prong of *Strickland* in the guilty-plea context, the defendant must show there is a reasonable probability that, but for the lawyer's errors, the defendant would not have pled guilty and instead would have insisted on going to trial. *Hill*, 474 U.S. at 59; *Torres*, 483 S.W.3d at 42; *Ex parte Luna*, 401 S.W.3d 329, 334 (Tex. App.—Houston [14th Dist.] 2013, no pet.). We consider the totality of the circumstances in determining whether counsel was ineffective. *Thompson*, 9 S.W.3d at 813.

When, as here, an appellant raises an ineffective-assistance claim in a motion for new trial, we analyze the issue on appeal as a challenge to the trial court's denial of the motion for new trial. *See Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004) (holding appropriate standard of review for claim of ineffective assistance of counsel brought forth in motion for new trial is abuse of discretion); *Robinson v. State*, 514 S.W.3d 816, 823 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). In those circumstances, we review the trial court's application of the *Strickland* test through an abuse-of-discretion standard. *Charles*, 146 S.W.3d at 208. Generally, applying this standard means that we must decide whether the trial court's ruling was arbitrary or unreasonable. *See Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). As a reviewing court, we must afford "almost total deference" to a trial court's determination of historical facts and its application of the law to fact questions the resolution of which turns on an evaluation of credibility and demeanor.

*See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). This same deferential review must be given to a trial court's determination of historical facts based solely on affidavits, regardless of whether the affidavits were controverted. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). In the absence of express findings, we presume that the trial court made all findings, express and implied, in favor of the prevailing party. *Id.* We therefore view the evidence in the light most favorable to the trial court's ruling, and we will uphold that ruling if it was within the zone of reasonable disagreement. *See Webb*, 232 S.W.3d at 112.

**II.    Appellant has not demonstrated that the trial court abused its discretion when it denied his motion for new trial because he did not establish that his trial counsel's performance was deficient**.

In *Padilla v. Kentucky*, the Supreme Court applied ineffective-assistance principles to an individual who argued that his guilty plea was involuntary because his lawyer inaccurately advised him of the plea's immigration consequences. 559 U.S. 356, 360 (2010). The Court determined that "advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment right to counsel." *Id.* at 366. It held that, because the terms of the statute rendering the individual deportable were "succinct, clear, and explicit" and his plea counsel's advice was inaccurate, counsel was constitutionally ineffective. *Id.* at 368. But the Court did not limit its holding to inaccurate advice. Instead it announced the following rule:

> When the law is not succinct and straightforward . . . , a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.

*Id.* at 369.

Appellant argues Clay was ineffective because he failed to explain accurately the charges appellant faced, and as a result appellant did not understand that he was

pleading guilty to the charge of possession of 200 to 400 grams of heroin with intent to deliver. Appellant continues that if he had known he faced a charge of possession with intent to deliver, which carried severe immigration consequences, he would not have pled guilty but instead would have gone to trial.

Although the record contains evidence supporting appellant's version of events, it also contains Clay's affidavit.[2] In that affidavit, Clay stated that he specifically informed appellant, as well as appellant's immigration attorney, that appellant was charged with possession of heroin with intent to deliver. Clay also stated that he specifically advised appellant that he faced deportation if he decided to plead guilty to the charge of possession with intent to deliver. Finally, Clay stated that he had represented appellant for about two years in this case, he had always discussed the case in English, and appellant had never indicated that he did not understand or requested a translator. The trial court had the right to disbelieve appellant's evidence and to believe Clay's affidavit testimony. *See Odelugo v. State*, 443 S.W.3d 131, 138 (Tex. Crim. App. 2014) (stating that "the trial court, as the finder of fact on a motion for new trial, retains the prerogative to believe or disbelieve any evidence the probativeness of which depends on the credibility of its source"). Under the appropriate standard of review, we must presume that it did. *See id.* (holding record "must be inspected from every reasonable vantage in the light most favorable to the trial court's ruling, and found to have been deficient in each, before it may be overturned as an abuse of discretion.").

---

[2] Appellant also included with his motion for new trial an affidavit from Lara Isabel Autrey, an immigration attorney. Autrey stated she first spoke with appellant on February 3, 2016, when Cause No. 1382040 was pending. She further stated that she spoke with Clay on the telephone on April 13, 2016, when Cause No. 1498308 was pending, and Clay told her that the State had reduced the charge and appellant was getting 10 years' deferred adjudication on a simple possession charge.

We conclude appellant did not meet his burden of proving by a preponderance of the evidence that Clay performed deficiently in handling appellant's guilty plea. We therefore conclude that the trial court did not abuse its discretion when it denied appellant's motion for new trial. We overrule appellant's single issue on appeal.

## CONCLUSION

Having overruled appellant's issue on appeal, we affirm the trial court's judgment.


/s/     J. Brett Busby
        Justice


Panel consists of Justices Jamison, Busby, and Donovan.
Do Not Publish — TEX. R. APP. P. 47.2(b).