**AFFIRM; Opinion Filed September 25, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01065-CR

**ARTHUR FRANKLIN MILLER, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-81265-2013**

## MEMORANDUM OPINION ON REMAND

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Schenck

This case is before us on remand from the Texas Court of Criminal Appeals. In our original opinion, we held appellant failed to meet his burden under the prejudice prong of his ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to establish the result of the proceedings would have been different but for the deficient performance of his defense counsel. The State urged that we were bound by the court of criminal appeals' opinion in *Riley v. State*, 378 S.W.3d 453, 456 (Tex. Crim. App. 2012). We agreed. *See Miller v. State*, No. 05-14-01065-CR, 2015 WL 3456783, at \*5 (Tex. App.—Dallas June 1, 2015) (mem. op., not designated for publication), *rev'd*, 548 S.W.3d 497 (Tex. Crim. App. 2018).

Appellant filed a petition for discretionary review that asked whether this Court erred in finding that the deficient performance was not prejudicial under *Strickland*. The court of criminal appeals granted appellant's petition and initially affirmed this Court's opinion. *See Miller v. State*,

PD-0891-15, 2017 WL 1534213 (Tex. Crim. App. Apr. 26, 2017), *reh'g granted* (Oct. 4, 2017), *opinion withdrawn and superseded*, 548 S.W.3d 497 (Tex. Crim. App. 2018). Soon after, the United States Supreme Court decided *Lee v. United States*, – U.S. —, 137 S.Ct. 1958 (2017). Appellant then filed an amended motion for rehearing, urging the court of criminal appeals reverse and remand this case for a disposition consistent with the Supreme Court's opinion in *Lee*. The court of criminal appeals granted appellant's motion and on rehearing withdrew its prior opinion and held that a defendant meets the prejudice prong by demonstrating that he would have opted for a jury if his attorney had correctly advised him that he was ineligible for probation from the trial court. *See Miller v. State*, 548 S.W.3d 497, 498 (Tex. Crim. App. 2018) (overruling *Riley* to the extent it conflicts with *Lee*). The court of criminal appeals remanded the case to us with instructions to address whether appellant demonstrated a reasonable probability that he would have opted for a jury if his attorney had correctly advised him about his probation eligibility. *See id.*

We abated this case to allow the trial court to enter supplemental findings of fact and conclusions of law on this issue, and we allowed the parties to supplement their briefs before us. For the following reasons, we affirm the trial court's judgment. TEX. R. APP. P. 47.4.

## BACKGROUND

Appellant was charged with aggravated sexual assault of a child and indecency with a child alleged to have occurred in July 2001. TEX. PENAL CODE ANN. § 21.11, 22.021 (West 1999). If convicted of either of those crimes, he was not eligible for probation from a judge. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(1) (West 2001). But his attorney advised him otherwise. Appellant waived a jury and pleaded not guilty. After a bench trial, the judge found him guilty of both charges and sentenced him to 22 years in prison for aggravated sexual assault and ten years for indecency.

Appellant sought a new trial on grounds of ineffective assistance of counsel for the erroneous advice about his probation eligibility. The trial court conducted a hearing at which appellant and three of appellant's adult children testified, after which the trial court denied the motion. Appellant appealed this issue to this Court, and we affirmed the trial court's ruling.

## DISCUSSION

As with our original opinion, the issue before us today is whether appellant met his burden under the second prong of *Strickland*: namely, whether he established his defense counsel's deficient performance was prejudicial. We examine whether appellant demonstrated a reasonable probability that he would have opted for a jury if his attorney had correctly advised him about his probation eligibility.

As noted above, the trial court denied appellant's motion for new trial. We review a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial court's ruling was clearly erroneous and arbitrary. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). A trial court abuses its discretion if no reasonable view of the record could support its ruling. *Id.* This requires us to view the evidence in the light most favorable to the trial court's rulings. *Id.*

In support of his motion for new trial, appellant offered an affidavit, his testimony, and the testimony of his adult children. In his affidavit, appellant stated that, "If I had been properly advised of my options regarding probation eligibility, I would not have waived my constitutional right to a jury trial, and would have insisted on presenting my case to a jury." He testified at the hearing on his motion for new trial that his affidavit was true and correct. Appellant further testified that his defense counsel advised him to proceed with trial before a judge and get probation and that his reliance on that advice caused him to waive his right to a trial by jury. The testimony of his adult children corroborated the advice appellant received from defense counsel but did not

address whether appellant would have proceeded to trial before a jury if correctly advised by defense counsel regarding his eligibility for probation.

The trial court signed supplemental findings of fact as follows:

1) At the pretrial hearing Appellant was advised by the court that a jury could give him probation;

2) Appellant was not advised that the trial court could give him probation;

3) These admonitions came before Appellant made the decision to waive his right to a jury;

4) Appellant testified at the hearing on the motion for new trial;

5) This court viewed Appellant's demeanor during his testimony;

6) Appellant did not testify that he had been properly advised he would not have waived his right to a jury. That testimony was contained, instead, in an affidavit;

7) Appellant's self-serving statement in the affidavit is not credible;

8) Appellant has not demonstrated a reasonable likelihood that he would have opted for a jury had his attorney given him correct advice about his probation eligibility from the trial court.

The trial court, as fact finder, is the sole judge of witness credibility at a hearing on a motion for new trial with respect to both live testimony and affidavits. *Okonkwo*, 398 S.W.3d at 694. Our review of such findings is extremely limited. We must "afford almost total deference" to the trial court's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Id.*

The only evidence appellant put forth to show that he would have opted for a jury if his attorney had correctly advised him about his probation eligibility was his own testimony and affidavit. Because the trial court found that evidence to be lacking in credibility, we cannot conclude appellant has met his burden under the second prong of *Strickland*. We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

141065F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARTHUR FRANKLIN MILLER, JR.,
Appellant

No. 05-14-01065-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-81265-2013.
Opinion delivered by Justice Schenck,
Justices Lang and Stoddart participating.

    Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 25th day of September, 2018.