**Opinion issued July 30, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00105-CR

———————————

## DONELL VONCELLO PHILLIPS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Case No. 1521971**

---

## MEMORANDUM OPINION

A jury convicted appellant Donell Voncello Phillips of sexual assault of a child, a second-degree felony. After Phillips pleaded true to two enhancement allegations, the trial court sentenced him to 60 years' imprisonment. On appeal, he contends that his counsel was ineffective and the trial court abused its discretion in

denying his motion for a new trial based on ineffective assistance of counsel. We affirm.

## Background

L.R., the complainant, lived in an apartment with her mother and two younger siblings. Her mother had been in a long-term relationship with Phillips for L.R.'s entire life, and L.R. considered him her stepfather. In January 2015, when L.R. was 14 years old, her mother picked her up from school and dropped her off at home. Around 6:30 p.m., Phillips joined L.R. and her siblings at the apartment. After her siblings went to bed, L.R. argued with Phillips over a phone charger while they were in the living room. L.R. became angry, told Phillips to stop lying, and slapped him in the face. Phillips stood up and tried to grab L.R., but she ran to another room.

Sometime later, L.R. returned to the living room where Phillips, dressed only in boxers, playfully told her to "cross the line," as if to fight or wrestle with her. Phillips grabbed L.R. by her ankle, causing her to fall onto her back on the floor. He lay on top of her, pinning her with his body, and held one of her arms down. Phillips slid his hand up the leg of L.R's shorts, moved her underwear aside, and penetrated her vagina with his finger. As L.R. struggled against him, Phillips kissed her on the mouth, lifted her shirt and bra, and kissed her breast. L.R. pushed him off of her and stood up. Phillips tried to pull her back down by her arm, but

2

she pulled away and ran to the bathroom. She locked the bathroom door behind her and cried. Later, Phillips asked L.R. through the bathroom door if she was mad at him and if she wanted him to pick her up from school the next day. She told him to leave her alone and that she did not care. L.R. stayed in the bathroom until she heard Phillips leave the house. L.R. fell asleep before her mother came home.

The next morning, L.R. told her mother what happened the night before, and they went to the hospital where L.R. was examined and they spoke to police. About two weeks later, Officer S. Sanchez, an investigator with the Houston Police Department child sexual abuse unit was assigned to the case. Officer Sanchez interviewed both L.R. and her mother and then scheduled a forensic interview of L.R. at the Children's Assessment Center. The interview occurred on February 19, 2015. Officer Sanchez interviewed Phillips in March 2015 and interviewed L.R. again. L.R.'s account remained consistent, and Phillips was charged with sexual abuse of a child.

At trial, witnesses testified to these facts. In addition, L.R. testified about her life at home after Phillips's arrest. When Phillips was charged, Phillips lived with L.R.'s family, and, after he was arrested, she wanted to help him get out of jail. After charges were filed and Phillips was in custody, L.R. spoke with him by phone. The jury heard recordings of the calls, in which Phillips repeatedly told L.R. that if she said she was lying, he would get out of jail. He impressed upon her

that she was the one who would decide whether he came home or not. He suggested that to ensure his release, she only needed to write a letter recanting the allegations. L.R. asked him why he had done what he did to her, and he responded that they would talk about it after the proceedings were over.

L.R. and her mother met with the defense investigator. By the time of the meeting, L.R.'s mother no longer believed her. While with the investigator, L.R. signed an affidavit recanting the statements she made to the police department and to the Children's Assessment Center. During trial, she testified that she had signed the affidavit to try to help Phillips, but it was untruthful. She averred that she told the truth to the police and the Children's Assessment Center. She decided to tell the truth because her 10-year-old sister lived at home.

Dr. Lawrence Thompson, Jr., Director of Therapy and Psychological Services at the Children's Assessment Center testified that children who are abused by people they love may have mixed feelings and may be manipulated by the perpetrator. He opined that children may even recant their stories. L.R.'s mother and aunt testified for Phillips. L.R.'s mother testified that she did not believe L.R., and her aunt testified that L.R. had never been known to tell the truth.

The jury found Phillips guilty of sexual assault of a child. At the punishment hearing, Phillips pleaded true to two enhancements paragraphs alleging that he had previously been convicted of two felonies. Phillips's mother testified, describing

her son as kind, generous, and loving. She told the court that he had been taking college courses and was close to receiving a degree. On cross-examination, the State asked her to list Phillips's children and elicited testimony that Phillips fathered a child with a girl who was sixteen or seventeen at the time. The court sentenced Phillips to 60 years' imprisonment.

Phillips filed a motion for a new trial based on ineffective assistance of counsel. In the motion, Phillips alleged that counsel was ineffective for (1) failing to hire expert witnesses and failing to investigate, as evidenced by the lack of notes in the case file; (2) failing to introduce letters that L.R. wrote Phillips while he was incarcerated; and (3) failing to present any witnesses during the trial.

Trial counsel testified at the hearing on the motion. In response to the allegations, he said that the lack of notes in his file was because he did not write them; he hired an investigator and that investigator obtained an affidavit from L.R., which was discussed during L.R.'s testimony at trial; and he made the strategic decision not to introduce letters written by L.R. to Phillips or to hire a private psychological evaluator. He also testified to plea negotiations that ended a week before trial in which he advocated for his client. And he testified that, contrary to Phillips's motion for a new trial, he did call witnesses at both the guilt-or-innocence phase and during punishment.

The court denied the motion stating that Phillips did not prove that he was prejudiced by any alleged errors. The record reflects that counsel performed an investigation, including hiring an investigator; that he did call witnesses throughout the proceedings; and that he had strategic reasons for not introducing the letters. The court held that based on the evidence of guilt, there was no reasonable probability that the result of the case would be different.

## Ineffective Assistance of Counsel

On appeal, Phillips contends that the trial court abused its discretion when it denied his motion for a new trial based on ineffective assistance of counsel. To support his issue, Phillips identifies various acts and omissions of trial counsel that he claims constitute ineffective assistance of counsel including that: (1) his counsel failed to investigate and prepare for trial; (2) his counsel produced a witness during the punishment hearing that bolstered the State's case; and (3) his counsel's overall performance, including not submitting motions to the court, eliciting testimony that was negative about Phillips, and failing to properly impeach witnesses, prejudiced him. Several of these arguments were not presented to the trial court in the motion for a new trial, and therefore are not properly preserved for review. *See* TEX. R. APP. P. 33.1 We review the complaint that is preserved: that trial counsel was ineffective for failing to investigate and prepare for trial.

## A.    Applicable Legal Principles and Standard of Review

When, as here, an appellant presented issues of ineffective assistance in a motion for a new trial, we review the trial court's denial of the motion for an abuse of discretion. *Starz v. State*, 309 S.W.3d 110, 118 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). A trial court abuses its discretion if no reasonable view of the record could support its ruling. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). We view the evidence in the light most favorable to the trial court's ruling and presume that the trial court made all findings, express and implied, in favor of the prevailing party. *Id.*

The trial court is the sole judge of witness credibility at the hearing on a motion for a new trial, whether presented through live testimony or affidavit. *Id.* We defer to a trial court's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Id.*

To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and (2) a reasonable probability exists that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). The defendant has the burden to establish both prongs by a preponderance of the

7

evidence; failure to make either showing defeats an ineffectiveness claim. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

We begin by presuming that trial counsel performed within professional norms. *See Lopez*, 343 S.W.3d at 142. We do not assume that counsel lacked a sound reason for making the choices he did; on the contrary, the defendant bears the burden to demonstrate that no plausible reason exists for a particular act or omission. *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002); *Toledo v. State*, 519 S.W.3d 273, 287 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).

Under the first *Strickland* prong, any judicial review of whether counsel's performance was deficient "must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). A court making such a determination must make the strong presumption that counsel's conduct fell within the wide range of reasonable assistance that the complained-of act or omission might be considered sound trial strategy. *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012).

Under the second *Strickland* prong, a defendant must show more than "that the errors had some conceivable effect on the outcome of the proceeding." *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 693). The defendant must show that there is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable doubt about his guilt or

that the extent of his punishment would have been less. *Id.* (quoting *Strickland*, 466 U.S. at 695). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed. *Id.* at 697.

## B.     Analysis

We need not decide whether Phillips's trial counsel's alleged errors amounted to ineffective assistance of counsel because Phillips has not established that he was prejudiced. *See id.*

The State presented a strong case that Phillips was guilty. L.R. provided a clear description of Phillips's act of sexual abuse and her testimony was consistent under cross-examination. The State's other witnesses bolstered L.R.'s credibility by describing detailed and consistent interactions with her. The State played jail phone calls between Phillips and L.R. for the jury. During the calls, L.R. asked Phillips why he had done this to her. Instead of denying the allegation, he responded that they would talk about it after the case concluded. The jury also heard testimony that L.R.'s mother and Phillips pressured L.R. to recant her account of sexual abuse and sign an affidavit of non-prosecution.

Phillips contends that the totality of his counsel's alleged errors demonstrate prejudice. For prejudice to be assumed, an appellant must demonstrate that defense

counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing," so that there was a constructive denial of the assistance of counsel altogether. *United States v. Cronic*, 466 U.S. 648, 659 (1984); *see also Bell v. Cone*, 535 U.S. 685, 696–97 (2002) (noting that, under *Cronic*, defense counsel's failure to test the prosecution's case must be "complete" before prejudice is presumed); *Ex Parte McFarland*, 163 S.W.3d 743, 752–53 (Tex. Crim. App. 2005) (discussing constructive denial of counsel and presumed prejudice). The record reflects that Phillips's trial counsel pursued a reasonable and vigorous defense. Counsel cross-examined each of the State's witnesses, including L.R. Counsel called two witnesses, L.R.'s mother and aunt, who each opined that L.R. was untruthful and that her account of the allegation changed between her initial outcry and her trial testimony. At the punishment stage, counsel presented mitigation testimony from Phillips's mother. While her testimony on cross-examination brought out that he had fathered a child with a sixteen or seventeen-year-old girl, her overall testimony was emotional and supportive. The trial court commented that it "listened intently" to her testimony and "felt for her."

In light of the strength of the evidence against Phillips, we cannot conclude that there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's ineffective assistance. *See West v. State*, 474 S.W.3d 785, 793–94 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding

appellant failed to show prejudice when record contained ample evidence of guilt). Accordingly, Phillips has not met his burden to prove he suffered prejudice from any presumed deficiency in trial counsel's performance. The trial court did not abuse its discretion in denying Phillips's motion for a new trial based on ineffective assistance of counsel.

## Conclusion

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Keyes, Kelly, and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).