ACCEPTED
13-14-00728-cr
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/6/2015 6:06:12 PM
DORIAN RAMIREZ
CLERK

NO. 13-14-00728-CR

IN THE COURT OF APPEALS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/6/2015 6:06:12 PM
DORIAN E. RAMIREZ
Clerk

FOR THE

THIRTEENTH COURT OF APPEALS DISTRICT

OF TEXAS

NUECES COUNTY, TEXAS

QUINTON MOODY,

Appellant

VS.

THE STATE OF TEXAS,

Appellee

Trial Cause No. 2013-CR-9347

Appeal form the 399th District Court

Bexar County, Texas

Hon. Ray Olivarri, Presiding

APPELLANT'S BRIEF


ORAL ARGUMENT WAIVED

Mario A. Trevino
Attorney for Appellant
315 S. Main, San Antonio, Texas 78204
210-226-0026
210-226-8402 fax
trevinomtrev@aol.com
Bar No. 20211250

1

### *Identity of the Parties*

1.  Quinton Moody, TDCJ # 01965382, Garza East Transfer Facility, 4304 Highway 202, Beeville, Texas 78102.  Appellant

2.  The State of Texas, by and through the Bexar County District Attorney's Office, Paul Elizondo Tower, 101 W. Nueva, San Antonio, Texas 78205, is the appellee and prosecuted this case in the trial court.

The trial attorneys were as follows:

1.   Quinton Moody was represented by Ronald A. Ortman, SBN 15324407, Post Office Box 90611, Texas 78209.

    Jesus Lopez, SBN 2042579, 215 N. San Marcos, San Antonio, Texas 78205

2.  The State of Texas was represented by Susan D. Reed, District Attorney, Jessica Lee Frazier, SBN 24057854 and Daniel Walker, SBN 24070810, Assistant District Attorneys, Paul Elizondo Tower, 101 W. Nueva, San Antonio, Texas 78205.

The appellate attorneys are as follows:

1.   Quinton Moody is represented by Mario A. Trevino, SBN 20211250, 315 S. Main, San Antonio, Texas 78204.

2. The State of Texas is represented by the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva, Suite 370, San Antonio, Texas 78205

## *Table of Contents*

Identity of Parties ……………………………………………………………… 2

Table of Contents…… …………………………………………………………… 4

Index of Authorities………………………………………………………… 5

Statement of the Case…. ………………………………………………….. 6

Statement Regarding Oral Argument…………………………………… 7

Issues Presented…….. ………………………………………………………… 8

**Issue #1:** The trial court abused its discretion by denying appellant's motion for mistrial made because of an unauthorized conversation between a juror and the bailiff about the case on trial and while the jury was deliberating.

**Issue #2:** The trial court abused its discretion by denying appellant's motion for new trial filed because of an unauthorized conversation between a juror and the bailiff about the case on trial and while the jury was deliberating.

Statement of the Facts ………………………………………………………… 9

Summary of the Argument……………………………………………………… 13

Argument:  Issue #1 ……………………………………………………. 15

           Issue #2 ……………………………………………………… 18

Prayer………………………………………………………………………………… 20

Certificate of Service…………………………………………………………… 21

Word Count…………………………………………………………………………. 21

**Index of Authorities**

**Cases**

1. Allen v. United States, 164 U.S. 492 (1896)………..  17

2. Alexander v. State, 919 S.W.2d 756 (Tex. App. Texarkana 1992, no pet.)…16

3. Chairs v. State, 878 S.W. 2d 250, 253 (Tex. App. – Corpus Christi 1994, no pet.)………………………………………………………………………….  16

4. Colyer v. State, 428 S.W. 3d 117, 122 ( Tex. Crim. App. 2014)…..  18

5. Granados v. State, 85 S.W. 3d 217, 235 (Tex. Crim. App. 2002)…  16, 19

6. Green v. State, 840 S.W. 2d 394, 406 (Tex. Crim. App. 1992) ………   16

7. Hawkins v. State, 135 S.W. 3d 72, 76-77 (Tex. Crim. App. 2004)…… 15, 18

8. Holden v. State,  201 S.W. 3d 761, 763 (Tex. Crim. App. 2006)….. 15, 18

9. Okonkwo v. State, 398 S.W. 3d 689, 694 (Tex. Crim. App. 2013)… 18

10.  Salazar v. State 38 S.W. 3d 141, 148 ( Tex. Crim. App. 2001)….  18


11.  Webb v. State, 232 S.W. 3d 109, 110 (Tex. Crim. App.2007)… 15, 18

**Statutes**

Tex. Code Crim. Proc. Ann. 36.14 …………………………………………  17, 20

Tex. Code Crim. Proc. Ann. 36.22  …………………………………………. 16, 17, 20

Tex. Code Crim. Proc. Ann. 36.27  …………………………………… 17, 20

**Rules**

Texas Rules of Appellate Procedure 21.3(f)…………………. 17, 19

To the Honorable Justices of the Court of Appeals:

Appellant Quinton Moody submits this Brief in support of his appeal.

**Statement of the Case**

This is an appeal of a Judgment and Sentence for Retaliation- Habitual in cause number 2013-CR-9347 in District Court Number 399 of Bexar County Texas.  In its Indictment, the State alleged that on or about May 18, 2013, in Bexar County, Texas, Appellant committed the offense of Retaliation.  The Indictment included two Enhancement paragraphs.  CR. 15. To the allegations in the Indictment, Appellant pleaded "not guilty". RR3. 12. Appellant elected to have the Jury assess punishment. CR. 120.  A trial was had before a jury.  CR. 204 - 205.

On, November 3, 2014, Appellant was convicted of Retaliation as charged in the Indictment.  RR5. 1; CR. 150.  On November 4, 2014, the Jury found both enhancement paragraphs "True" and sentenced Appellant to 30 years in the Texas Department of Criminal Justice Institutional Division.  CR. 164, 166.  On November 4, 2014, the trial court signed a Certification of Defendant's Right of Appeal, certifying that this is a criminal case and that Appellant has the right of appeal. CR. 165.

On November 7, 2014 Appellant filed a Motion for New Trial. CR. 169. The

Motion for New Trial was denied on November 10, 2014 without a hearing. CR.

186.

On November 21, 2014, Appellant filed a timely notice of appeal. CR. 189.

**Statement Regarding Oral Argument**

Appellant does not request oral argument. Appellant believes that the facts and

legal arguments are adequately presented in this Brief.

## Issues Presented

**Issue One:** The trial court abused its discretion by denying appellant's motion for mistrial made because of an unauthorized conversation between a juror and the bailiff about the case on trial and while the jury was deliberating.

**Issue Two:** The trial court abused its discretion by denying appellant's motion for new trial filed because of an unauthorized conversation between a juror and the bailiff about the case on trial and while the jury was deliberating.

.

**Statement of Facts**

Bexar County Sheriff's Deputy Officer Carl Davis was dispatched to a family disturbance on the evening of May 18th, 2013. RR3, 28. The disturbance involved a threat with a knife by a light skinned black male wearing a black shirt with white lettering, short and about 5'7". RR3, 29. When Deputy Davis arrived at the location of the disturbance the suspect was no longer there. RR3, 30. Deputy Davis went looking for the suspect. RR3, 30. While Deputy Davis is sitting in his police car across the street from a convenience store waiting to see if the suspect walks by he noticed appellant walking across the street. Deputy Davis recognized appellant to be a possible match to the person he is looking for. RR3, 31-33. He approached appellant and handcuffed and detained him in order to determine if he is the suspect. Deputy Davis put appellant in the back of the patrol car. RR3, 34-35. The appellant did not have an I.D. and became belligerent and upset. RR3, 37-38. The Deputy then verified appellant's identification and realized that he is not the suspect he was looking for. He removed the appellant's handcuffs and told him he was free to go. RR3, 39. Appellant had been detained for about two to three minutes. RR3, 39-40. Instead of leaving the area appellant began to argue with and berate Deputy Davis and stated that he is "old school mafia". RR3, 40. Appellant continues to be upset and opens up the backdoor of the patrol car

and tells the Deputy to take him to jail.  RR3, 43.  In response the Deputy puts the handcuffs on appellant again and places him in the vehicle to calm down. RR3, 40. A few minutes later the Deputy releases appellant again and tells him to leave. RR3, 45.   Appellant walks to a nearby store and begins to challenge the Deputy to a fight.  He then begins to walk back towards the Deputy with his hands in a fist and an aggressive manner.  RR3, 45.  The Deputy is of the opinion that appellant is threatening to harm him so he arrests appellant for retaliation and places him in the patrol car.  RR3, 46-47.  As Deputy Davis is transporting appellant to the jail appellant said that when he gets out of jail he will make sure that Deputy Davis' wife would be pushing up daisies.  RR3, 50.  Deputy Davis perceived this as a threat to his family.  RR3, 51.

Appellant testified that he and his wife were coming out of the convenience store with groceries in his hand when he was told by Deputy Davis to turn around and place his hands behind his back. RR3, 76.  He was taken to the patrol vehicle and was not told why he was being arrested.  Appellant stated that he was irritated by this but denied being physically aggressive towards the Deputy.  RR3, 78.

10

Appellant gave the Deputy his name and date of birth. His identity was confirmed and he had no active warrants. RR3, 78. Appellant made no threats to the Deputy. RR3, 78-79.

The jury chose to believe the Deputy and found appellant guilty of retaliation. RR5, 1.

Prior to the beginning of the punishment phase of trial, defense counsel made a motion for mistrial and an oral offer of proof in support. RR6, 5-8. The motion for mistrial was based on an unauthorized conversation the bailiff had with the jury. Defense counsel proffered that the bailiff said the jury had asked what happens if they are split 11 to 1 and they cannot reach a decision. The bailiff told the jury that they may continue to deliberate or in the alternative will be sequestered. The bailiff explained that sequestered means they would be held overnight and perhaps longer. Defense counsel argued that no person is authorized to converse with a juror about the case outside of the court and without the permission of the court and that the question should have been in writing and answered by the court as mandated in the Charge of the Court not the bailiff. The trial court denied the motion for mistrial. RR6, 5-10.

At the conclusion of the punishment phase of trial the jury assessed a 30 year term in prison.  RR6, 105.  Defense counsel filed a motion for new trial alleging the same jury communication with the bailiff as the grounds for granting the motion.  The trial judge denied the motion for new trial without a hearing. CR, 169-187.

**Summary of the Argument**

Appellant presents the following argument in this Brief: The bailiff's communication with the jury about the possibility of sequester violated articles 36.14, 36.22, and 36.27 of the Texas Code of Criminal Procedure and pursuant to Rule 21.3(f) Texas Rules of Appellate Procedure the trial court abused its discretion when it failed to grant defense counsel's motions for mistrial and new trial. When anyone outside of the court makes an unauthorized communication with a juror about the case on trial a presumption of injury arises. Defense counsel established that a communication occurred between a juror and someone else, in this case the bailiff; that the communication involved the case at trial and that it consisted of more than insignificant, unrelated comment or exchange. Once appellant offered evidence that there was an unauthorized communication with a juror about the case on trial - in the present case the evidence amounted to an offer of proof which was accepted by the court - the State bears the burden of overcoming the presumption of harm. The statement by defense counsel went beyond establishing that there was a communication concerning the case, it also detailed the contents of the conversation, to wit:

"The bailiff came out. I watched him as he came out from back behind the judge, and I looked at his hands to see if he had any notes in his hands. He did not. He came over and approached us, the defense and the State simultaneously, and he

said, the jury has asked a question about what happens if they are split 11 to l and they cannot reach a decision. And so the bailiff then told us at that point he told the jury you may continue to deliberate or in the alternative, ugly word, and this a quote from the bailiff , sequester. And then they asked, What is that? And he told them that, you could be held here to decide the case if you're not able to decide it right now. Meaning that they could be held overnight, perhaps longer. And we think at that point in time that close to the end of the day, 3:30, 4 o'clock in the afternoon, that this put the jury under excruciating pressure to settle the case right then and there." RR6, 8-9.

The unauthorized communication between the jury and the bailiff occurred at a crucial time. The jury was split and had not been able to reach a verdict. The State elected to present no evidence and failed to rebut the presumption of harm.

**Argument**

**Issue One:** The trial court abused its discretion by denying appellant's motion for mistrial made because of an unauthorized conversation between a juror and the bailiff about the case on trial and while the jury was deliberating.

A trial court's ruling on a motion for mistrial is not to be disturbed on appeal absent a showing of abuse of discretion. When the alleged error is the trial court's refusal to grant a motion for mistrial review is limited to whether the trial court abused its discretion. Hawkins v. State, 135 S.W. 3d. 72, 76-77 (Tex. Crim. App. 2004)

Under this standard, the evidence is reviewed in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it is within the zone of disagreement. Webb v. State, 232 S.W. 3d 109, 110 (Tex. Crim. App. 2007). On appeal, the appellate court does not substitute its judgment for that of the trial court, but instead considers whether the trial court's decision was arbitrary or unreasonable. Holden v. State, 201 S.W. 3d. 761, 763 ( Tex. Crim. App. 2006).

The complaining party must establish that a communication occurred between a juror and someone else, that the communication involved the specific case at trial, and that it consisted of more than an insignificant, unrelated comment or

exchange.  Once it has been shown that an unauthorized communication with a juror about the case on trial occurred, a presumption of injury arises.  Green v. State, 840 S.W. 2d 394, 406 (Tex. Crim. App. 1992); Alexander v. State, 919 S. W. 2d. 756 ( Tex. App. Texarkana 1996, no pet.); Chairs v. State, 878 S.W.2d 250, 253 (Tex. App. – Corpus Christi 1994, no pet.).  Once the defendant has offered evidence that there was an unauthorized communication with a juror about the case on trial, then the State bears the burden of overcoming the presumption of harm.  Green v. State, 840 S.W. 2d at 406; Alexander v. State, 919 S.W.2d at767.

In deciding the issue raised in the motion for mistrial, the court relied on an offer of proof by defense counsel which was accepted and considered by the trial court. RR6, 5-10.  The offer of proof went beyond establishing that there was a communication concerning the case, it also detailed the contents of the conversation.

It is undisputed that a conversation occurred between a juror and the bailiff and that the communication involved the specific case at trial.  A juror must make decisions at the guilt and punishment phases using information obtained in the courtroom: the law, the evidence, and the trial court's mandates.  Granados v. State, 85 S.W. 3d. 217, 235 ( Tex. Crim. App. 2002).  Accordingly, Article 36.22 of

the Texas Code of Criminal Procedure prohibits conversing with the jury and in relevant parts states " No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." Texas Rules of Appellate Procedure 21.3 (f) provides that a defendant must be granted a new trial when a juror has talked with anyone about the case.

The trial court abused its discretion by failing to grant appellant's motion for mistrial for the following reasons. RR6, 10. The uncontroverted evidence established that the bailiff discussed the case with a juror. The subject matter of the discussion – sequestration – occurred when the jury was carefully considering all the relevant evidence. RR6, 9. The bailiff's mention of the " sequester" was functionally an Allen or dynamite charge, thereby violating Article 36.14 of the Texas Code of Criminal Procedure which requires the trial judge to deliver all jury charges in writing to the jury. Allen v. United States, 164 U.S. 492 (1896). The bailiff's comments in response to the juror's question violated article 36.27 of the Texas Code of Criminal Procedure which requires all communications with the jury to be in writing as well as article 36.22 which prohibits any person to converse with a juror about the case on trial except in the presence and by the permission of the court. The State elected to present no evidence and failed to rebut the presumption of harm.

**Issue Two:**  The trial court abused its discretion by denying appellant's motion for new trial filed because of an unauthorized conversation between a juror and the bailiff about the case on trial and while the jury was deliberating.

When the alleged error is the trial court's refusal to grant a motion for mistrial or a motion for new trial, review is limited to whether the trial court abused its discretion. Hawkins v. State, 135 S.W. 3d 72, 76-77 ( Tex. Crim. App. 2004); Salazar v. State 38 S.W. 3d 141, 148 ( Tex. Crim. App. 2001).

A trial court's ruling on a motion for new trial is reviewed under an abuse of discretion standard.  Colyer v. State 428 S.W. 3d 117, 122 ( Tex. Crim. App. 2014).

Okonkwo v. State, 398 S.W. 3d 689, 694 (Tex. Crim. App. 2013)

Under this standard, the evidence is reviewed in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it is within the zone of disagreement.  Webb v. State, 232 S.W. 3d 109, 110 (Tex. Crim. App. 2007).  On appeal, the appellate court does not substitute its judgment for that of the trial court, but instead considers whether the trial court's decision was arbitrary or unreasonable.  Holden v. State, 201 S.W. 3d. 761, 763 ( Tex. Crim. App. 2006).

In deciding the issue raised in the motion for new trial, the court relied on the pleading in the motion which were very similar to the offer of proof which had been accepted and considered by the trial court at appellant's motion for mistrial. CR. 169-187. RR6, 5-10.

It is undisputed that a conversation occurred between a juror and the bailiff and that the communication involved the specific case at trial. RR6, 5-10. A juror must make decisions at the guilt and punishment phases using information obtained in the courtroom: the law, the evidence, and the trial court's mandates. Granados v. State, 85 S.W. 3d. 217, 235 ( Tex. Crim. App. 2002). Accordingly, Article 36.22 of the Texas Code of Criminal Procedure prohibits conversing with the jury and in relevant parts states " No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." Texas Rules of Appellate Procedure 21.3 (f) provides that a defendant must be granted a new trial when a juror has talked with anyone about the case.

The trial court abused its discretion by failing to grant appellant's motion for new trial for the following reasons. The uncontroverted evidence established that the bailiff discussed the case with a juror. RR6, 5-10. The subject matter of the

discussion – sequestration – occurred when the jury was carefully considering all the relevant evidence. RR6, 9. The bailiff's mention of the " sequester" was functionally an Allen or dynamite charge, thereby violating Article 36.14 of the Texas Code of Criminal Procedure which requires the trial judge to deliver all jury charges in writing to the jury. The bailiff's comments in response to the juror's question violated article 36.27 of the Texas Code of Criminal Procedure which requires all communications with the jury to be in writing as well as article 36.22 which prohibits any person to converse with a juror about the case on trial except in the presence and by the permission of the court. The State elected to present no evidence and failed to rebut the presumption of harm.

## Prayer

For the above reasons, Appellant prays that upon appellate review, this Court reverse the trial court's judgment and grant appellant a new trial and remand the case for further proceedings.

Respectfully submitted

/s/Mario A. Trevino
315 S. Main
San Antonio, Texas 78204
(210) 226-0026
(210) 226-8402 fax
trevinomtrev@aol.com
SBN: 20211250
Attorney for Appellant

### *Certificate of Service*

I hereby certify that a true and correct copy of this Brief for Appellant has been hand-delivered to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva, San Antonio, Texas; and by email.

/s/Mario A. Trevino
Attorney for Appellant

### *Word Count*

Pursuant to Tex. R. App. P. 9.4(i) (1) and (1)(2)(B), the word count from the beginning of the Statement of Facts until, but excluding, the signature block is: 3,390. The total word count is 3,515.