# NO. 12-14-00053-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FRANK ANTHONY EVANS, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Frank Anthony Evans, Jr. appeals his felony conviction for forgery. In his sole issue on appeal, he contends that the trial court abused its discretion in admitting extraneous offense evidence. We affirm.

### BACKGROUND

In July 2013, Guisella Flores was working at the drive through window of a Burger King restaurant when a vehicle later determined to belong to Appellant's mother entered the drive through lane. The driver placed his order and paid with a $20.00 bill. Flores, who had formerly worked at a bank, determined that the bill felt "weird." Flores discussed the matter with the manager, who instructed Flores to neither make change nor return the bill to the driver. The driver became angry and left, and the manager contacted the authorities.

The bill was ultimately determined to be counterfeit. After obtaining the vehicle's license plate number and discovering that the vehicle belonged to Appellant's mother, detectives placed a photograph of Appellant in a lineup. Flores identified Appellant in the lineup as the person who attempted to pass the counterfeit bill as currency to her. Appellant was arrested and indicted for the felony offense of forgery. The indictment alleged that Appellant had two prior felony convictions, raising the punishment level to that of a first degree felony with a minimum

sentence of imprisonment for twenty-five years.[1]  Appellant pleaded "not guilty" to the charged offense and "not true" to the enhancement paragraphs.

At a jury trial, Flores testified that the driver wore sunglasses, but that she studied his features carefully.  Flores admitted telling the detectives during the photo lineup that she hoped the lineup photos would show the potential suspects wearing sunglasses so that she could more easily identify the suspect.  She also acknowledged reviewing the photos for an extended period of time before identifying Appellant as the suspect.  Flores testified that Appellant had some unique facial features.  She recognized those features in Appellant's photo, but did not see them in the other photos.  This left no doubt in her mind that Appellant was the person who attempted to pass the bill as currency.  However, she also stated at trial that she told the detective she was "between 80 and 90 percent sure" that Appellant was the person who handed her the counterfeit bill.

Later during the trial, the State offered evidence of two prior extraneous offenses over Appellant's objection.  The extraneous offense evidence showed that Appellant manufactured counterfeit $20.00 bills and passed them at two fast food restaurants during the same month as the offense in this case, and that the bills were made using the same or similar method of production.  The trial court admitted the evidence because there was an issue about whether Appellant was the person who attempted to pass the counterfeit bill.  The trial court also noted that the evidence was relevant to show that Appellant knew the bills were counterfeit and that he intended to pass the counterfeit bill as currency.

The jury found Appellant guilty of the charged offense.  After a punishment hearing, the jury assessed Appellant's punishment at sixty-one years of imprisonment.  This appeal followed.

**EXTRANEOUS OFFENSE EVIDENCE**

In his sole issue, Appellant argues that the trial court abused its discretion when it allowed the State to introduce evidence of his past forgeries under Texas Rules of Evidence 403 and 404.

**Standard of Review and Applicable Law**

A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse of discretion standard.  ***De La Paz v. State***, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).

---

[1] *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014); § 32.21 (West 2011).

As long as the trial court's ruling is within the "zone of reasonable disagreement," there is no abuse of discretion. *Id.* at 343–44. Further, a trial court cannot admit extraneous offense evidence unless a jury could find beyond a reasonable doubt that the defendant committed the extraneous offense. *Fischer v. State*, 268 S.W.3d 552, 558 (Tex. Crim. App. 2008).

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show he acted in conformity therewith. TEX. R. EVID. 404(b). But it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* Whether extraneous offense evidence has relevance apart from character conformity is a question for the trial court. *De La Paz*, 279 S.W.3d at 343.

One of the main rationales for admitting extraneous offense evidence is to prove the identity of the offender. *Segundo v. State*, 270 S.W.3d 79, 88 (Tex. Crim. App. 2008). Here, the theory of relevancy is usually that of modus operandi in which the pattern and characteristics of the charged crime and uncharged misconduct are so distinctively similar that they constitute a "signature." *Id.* No rigid rules dictate what constitutes sufficient similarities. *Id.* Common characteristics may be proximity in time and place, mode of commission of the crimes, the person's dress or any other elements that mark both crimes as having been committed by the same person. *Id.* The "doctrine of chances" may also come into play when using extraneous offenses to prove identity, which states that highly unusual events are unlikely to repeat themselves inadvertently or by happenstance. *Carrizales v. State*, 414 S.W.3d 737, 745 (Tex. Crim. App. 2013). For the doctrine to apply, there must be a similarity between the charged and extraneous offenses, since it is the improbability of a like result being repeated by mere chance that gives the extraneous offense its probative weight. *Brown v. State*, 96 S.W.3d 508, 512 (Tex. App.—Austin 2002, no pet.).

Two other bases for admitting extraneous offense evidence are to prove the defendant's intent or knowledge. TEX. R. EVID. 404(b). To prove the crime of forgery, the state must prove that the defendant forged a writing with the intent to defraud or harm another. *See* TEX. PENAL CODE ANN. § 32.21(b) (West 2011).[2] Because an element of the crime requires proof that the

---

[2] The definition of "forge" includes altering, making, completing, executing or authenticating any writing so that it purports (1) to be the act of another who did not authorize that act; (2) to have been executed at a time or place or in a numbered sequence other than was in fact the case; or (3) to be a copy of an original when no such original existed. TEX. PENAL CODE ANN. § 32.21(a)(1)(A). A "writing" includes money. *See id.* § 32.21(a)(2)(B).

accused acted with the intent to defraud or harm another, the state necessarily must prove that the defendant knew the writing was forged. *Okonkwo v. State*, 398 S.W.3d 689, 695 (Tex. Crim. App. 2013). Intent may be inferred from circumstantial evidence such as words, acts, or conduct. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). However, intent to defraud cannot be inferred from mere evidence of possession, passage, or presentment of a forged instrument. *Albrecht v. State*, 486 S.W.2d 97, 102 (Tex. Crim. App. 1972); *Johnson v. State*, 425 S.W.3d 516, 520 (Tex. App.–Houston [1st Dist.] 2012, pet. ref'd). Establishing intent or knowledge in a forgery case is so crucial that, "as a practical matter, evidence of extraneous offenses is nearly always admissible." *Parks v. State*, 746 S.W.2d 738, 740 (Tex. Crim. App. 1987).

Relevant evidence may nevertheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Martinez v. State*, 327 S.W.3d 727, 737 (Tex. Crim. App. 2010). Unfair prejudice refers not to an adverse or detrimental effect of evidence but to an undue tendency to suggest a decision on an improper basis. *Casey v. State*, 215 S.W.3d 870, 883 (Tex. Crim. App. 2007). When undertaking a Rule 403 analysis, the trial court must balance (1) the inherent probative force of the proffered evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or be repetitive. *Id.*; *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). As with Rule 404(b), we review a trial court's decision to admit evidence in the face of a Rule 403 objection under an abuse of discretion standard, and the court does not abuse its discretion as long as its decision is within the zone of reasonable disagreement. *De La Paz*, 729 S.W.3d at 343–44.

**Discussion**

Appellant argues that evidence of the two past forgeries was offered to show only that he is an habitual criminal who has committed similar crimes in the past, and that because of this character trait, he likely committed the offense in this case.

The first witness, April Hughey, testified that in July 2013, she and Appellant ordered food in the drive through window at a fast food restaurant and attempted to pay for it with a counterfeit $20.00 bill. Hughey also testified that she witnessed Appellant manufacture the money. She explained that Appellant washed $1.00 bills, applied a chemical, and then printed a scan of a $20.00 bill on the washed bill with a printer. The second witness, Mary Harris, claimed that she witnessed Appellant manufacture counterfeit money that she saw him use to pay for food at a fast food restaurant, also in July 2013. Harris described the method in which the counterfeit bills were made, which was the same method Hughey described. United States Secret Service Agent Michael Dawson testified that the bill passed in this case felt "off," lacked several features of an authentic bill, and appeared to have been made with a printer. He concluded that the bill was a forgery.

The trial court allowed the evidence because there was an identity issue, and to show that Appellant's possession and use of the counterfeit bill was not an accident. There was eyewitness identification testimony from Flores, but her testimony left open the possibility that the person who passed the counterfeit bill to her was someone other than Appellant. Also, Flores stated that she saw a wad of $20.00 bills in Appellant's hands, but she never handled any of them. Without the extraneous offense evidence, the State could not prove that Appellant knew the bills were forged, an essential element of the State's case. *See Okonkwo*, 398 S.W.3d at 695. As the court stated in *Parks*, evidence of the same crimes committed separately and recently in time is generally admissible to show the intent required under the statute, that the defendant had knowledge that the bill was forged, and that passing it was not an accident. *See Parks*, 746 S.W.2d at 740; *see also Ames v. State*, 499 S.W.2d 110, 118 (Tex. Crim. App. 1973) (noting that proof of other forgeries is admissible in evidence when such proof tends to show intent or identity). The testimony showed that the other crimes took place in the same month as the offense in question and under similar circumstances. Consequently, we hold that the extraneous offense evidence had relevance apart from tending to show that Appellant is a criminal, and because of that trait, he likely committed the offense here.

Appellant also argues that the prejudicial effect of the evidence substantially outweighs its probative value under Rule 403. In the vast majority of forgery cases, the probative value of evidence of extraneous offenses will inevitably outweigh its prejudicial effect. *See Parks*, 746 S.W.2d at 740. Where a charged offense and an extraneous offense share many similarities, the evidence is highly probative under Rule 403. *See Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996). Here, as we have discussed, the evidence was essential to proving that Appellant committed the offense and that he knew the bill was counterfeit. Without the evidence, the State could not prove those elements, especially considering its high burden of proof. Because Hughey's and Harris's testimonies provided key evidence on essential elements that are inherently difficult to prove, the evidence does not tend to suggest a decision on an improper basis, and it was unlikely that the jury would be confused or distracted by its admission. The jury undoubtedly gave weight to their testimony. But given the nature and difficulty of proving the elements of forgery, we cannot conclude under the circumstances that the jury would assign undue weight to the other crimes, or that it was ill equipped to evaluate the probative force of the evidence. Finally, the testimony from Hughey and Harris was relatively brief, although the State did emphasize it in its argument. We hold that the trial court did not abuse its discretion in overruling Appellant's Rule 403 objection. Accordingly, the trial court did not err in admitting the extraneous offense evidence.

Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered June 10, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 10, 2015

NO. 12-14-00053-CR

**FRANK ANTHONY EVANS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1297-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*