# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00533-CR**
**NO. 09-13-00534-CR**

_____

**JOHN ROBERT MANNING, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-09-09713 CR (Counts 1 and 2)**

## MEMORANDUM OPINION

John Robert Manning appeals from a jury trial that resulted in his convictions for aggravated sexual assault of a child and indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11(a)(1) (West 2011), § 22.021(a)(1)(B) (West Supp. 2015). In three issues, Manning claims (1) the trial court abused its discretion by admitting evidence about a sexual assault involving another child who was not the victim of the crimes for which he was indicted; (2) the evidence

1

failed to prove that the offenses made the subject of his indictment occurred in 2008; and (3) he received ineffective assistance of counsel during a hearing conducted outside the presence of the jury when his attorney decided not to question April,[1] the child who was the alleged victim of an extraneous offense. We hold that Manning's issues are without merit, and we affirm the trial court's judgment.

## Admission of Extraneous Offense

In issue one, Manning contends that the trial court abused its discretion by admitting evidence about an incident that allegedly occurred in July 2011 involving a child named April. The testimony about the incident indicates that April told her mother that Manning had exposed himself while she was alone with Manning in the bedroom of a relative's home. According to April's mother, she questioned Manning about the incident, and he told her that April was possibly attempting to relate what she might have seen in a video depicting an encounter that occurred between two adults on his phone.

---

[1] To protect the privacy of the children relevant to Manning's case, we identify them by using the aliases "April" and "Jill" to conceal their actual names. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

Before April's mother testified, the trial court conducted a hearing to evaluate whether the evidence about the incident involving April should be admitted before the jury. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (West Supp. 2015). During the hearing on the extraneous offense, the trial court considered the testimony of April's mother, a Child Protective Services investigator, a child sexual abuse case investigator, and a detective who interviewed Manning about the incident.

At the conclusion of the hearing, the trial court found the evidence introduced during the hearing would be sufficient to support a jury finding that Manning had exposed himself to April. After the trial court informed the parties of its ruling, Manning stated that he still objected to the testimony about the incident with April being admitted, and he complained that the trial court had not weighed whether the evidence about the incident involving April was unduly prejudicial. *See* Tex. R. Evid. 403. The trial court responded, "Well, doing the weighing, I'll determine -- doing the appropriate weighing, I determined it's admissible."

"Once a Rule 403 objection as to prejudice versus probative value is invoked, the trial judge has no discretion as to whether or not to engage in the balancing test required by that rule." *Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). "However, a trial judge is not required to *sua sponte* place any

3

findings he makes or conclusions he draws when engaging in this test into the record[.]" *Id.* "Rather, a judge is presumed to engage in the required balancing test once Rule 403 is invoked[.]" *Id.* We conclude that the trial court did perform the required balancing test, and that after doing so, the trial court determined that the evidence about the incident involving April was admissible.

In his brief, Manning argues that the extraneous offense evidence was unduly prejudicial because the purpose of the evidence was to show that when committing the offenses alleged in the indictment, he was acting in conformity with his character as a person known to abuse children. *See* Tex. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). However, in Manning's case, the State used the testimony about the incident involving April to explain the circumstances under which the police learned that Manning committed the offense against Jill. The testimony before the jury indicates that the incident involving April led to a forensic interview of Jill, and Jill's interview revealed that Manning had been sexually abusing Jill for years before the incident involving April occurred.

In a prosecution for sexual abuse of a child, the character of the defendant is relevant, and the tendency that such evidence may have to show that a defendant is

4

the type of person who abuses children does not make the testimony inadmissible. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2. In cases involving the sexual abuse of a child, this type of evidence is admissible because article 38.37, section 2 creates an exception to the Rules of Evidence that otherwise makes character evidence inadmissible. *Compare* Tex. R. Evid. 404(b) *with* Tex. Code Crim. Proc. Ann. art. 38.37, § 2.

In our view, the evidence about the incident involving April had probative value in the context of a trial involving the sexual offenses committed by Manning against Jill. *See* Tex. R. Evid. 403. As used in Rule 403, "[t]he term 'probative value' refers to the inherent probative force of an item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence." *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). "'Unfair prejudice' refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.*

In Manning's case, the trial court determined that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence of the incident involving April. *See* Tex. R. Evid. 403. "[A] ruling on the balance between probative value and the counter factors set out in Rule 403, . . . is always

5

slanted toward admission, not exclusion, of otherwise relevant evidence." *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). "As long as the trial court's ruling is within the 'zone of reasonable disagreement,' there is no abuse of discretion, and the trial court's ruling will be upheld." *Id.* at 343-44. We hold the trial court did not abuse its discretion by allowing the testimony addressing Manning's exposure of himself to April. *See id.* Issue one is overruled.

Legal Sufficiency Challenge

In issue two, Manning argues that although the indictment charged him with committing crimes on or about September 1 and October 1, 2008, the evidence failed to show that he committed either offense in 2008. We disagree that the evidence is insufficient to show that Manning was guilty of committing the crimes charged in the indictment.

The indictment includes a date for the offense to show that the prosecution is not barred by limitations. *Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998). When an indictment alleges that a crime occurred "on or about" a certain date, the State may prove an offense "with a date other than the one specifically alleged so long as the date is anterior to the presentment of the indictment and within the statutory limitation period and the offense relied upon otherwise meets the description of the offense contained in the indictment." *Yzaguirre v. State*, 957

6

S.W.2d 38, 39 (Tex. Crim. App. 1997) (citing *Sledge v. State*, 953 S.W.2d 253, 256–57 (Tex. Crim. App. 1997)). No variance exists between the indictment that alleges a date couched in terms of "on or about" when the evidence from the trial shows that the offense occurred on a date before the indictment was presented and before the statute of limitations expired. *See Thomas v. State*, 444 S.W.3d 4, 10 (Tex. Crim. App. 2014).

In this case, the indictment alleged that Manning committed aggravated assault on or about September 1, 2008, and that he committed indecency with a child on or about October 1, 2008. In the charge, the trial court instructed the jury that, "[t]he phrase 'on or about' in this case means any time after September 1, 2007, and prior to the presentment of the indictment."[2] The trial court included this instruction in the charge on guilt or innocence because Manning was arguably eligible for community supervision had the jury concluded he committed the offenses with which he was charged before September 1, 2007. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.05-1.07, 2007 Tex. Gen. Laws 1120, 1122-24 (codified at Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d)(5) (West Supp. 2015)). Also, the charge instructed the jury that for the aggravated sexual assault the State elected to rely on evidence of "the incident alleged to have occurred during the end

_____

[2] The record shows that the indictment was presented to the grand jury on September 12, 2013.

7

of the time that the defendant was living with [Jill] when she was playing with toys," and the charge instructed the jury to consider only the evidence of that alleged incident in determining Manning's guilt on the charge of aggravated assault. On the indecency offense, the charge instructed the jury that the State elected to rely on evidence of "the incident alleged to have occurred when [Jill] demonstrated with her hands on the defendant's genitals," and it required the jury to consider only the evidence of that alleged incident in determining Manning's guilt with respect to the count alleging indecency.

In evaluating whether the evidence before the jury showed that Manning committed the offenses prior to the presentment of his indictment, we evaluate the evidence before the jury based on a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Given that Jill was a minor when the offenses were alleged to have occurred, limitations does not apply to the offenses. *See Yzaguirre*, 957 S.W.2d at 39; *Sledge*, 953 S.W.2d at 256. Manning does not argue that the evidence was insufficient to prove he committed the offenses against Jill at a date anterior to the presentment of the indictment; instead, Manning presents a narrow argument, claiming the evidence is insufficient to prove that he committed the offenses in 2008.

Even though Manning does not present an argument that is premised on reviewing the case through the lens of a hypothetically correct charge, the evidence before the jury, when viewed in the light most favorable to the verdict, allowed the jury to conclude that Manning committed the crimes against Jill between September 1, 2007, and September 12, 2013, the period identified in the charge. Manning relies on Jill's testimony regarding when the offenses occurred to support his argument that the evidence is insufficient to show the offenses occurred in 2008. On cross-examination, Manning's attorney asked Jill if she remembered when she was interviewed by Kari Prihoda, the person who conducted Jill's forensic interview on August 24, 2011. Jill could not recall the date the interview occurred, but agreed when counsel asked if she thought it was two years ago. According to Jill, she told Prihoda during the interview that her last sexual contact with Manning occurred four years earlier. Counsel asked, "So if you were there in 2011, that would mean that four years before that was 2007. Right?" Jill replied, "Yeah."

However, the evidence before the jury regarding the date the offenses were committed is not limited to the testimony provided by Jill. Prihoda also testified during Manning's trial. Prihoda discussed what she learned during her interview of Jill, who was eleven years old when the interview occurred. According to Prihoda,

9

Jill told her about various sexual assaults that Manning committed against her when she was six to eight years old. According to Prihoda, Jill indicated that Manning abused her until she was eight years old, and the assaults ended when Manning moved from her home. Testimony from Manning and from Jill's mother established that Manning left the home in April 2008.

When viewed in the light most favorable to the verdict, the record contains evidence of abuse that occurred in 2008. Moreover, the evidence admitted at trial was also sufficient to prove that Manning committed the offenses prior to the presentment of the indictment, so it is sufficient to support his convictions. We overrule issue two.

Ineffective Assistance of Counsel

In issue three, Manning contends he received ineffective assistance of counsel. The conduct Manning identifies as ineffective concerns the choice Manning's attorney made during the hearing where the trial court considered if testimony about the incident involving April would be admitted before the jury.

To show that trial counsel was ineffective, Manning must demonstrate that trial counsel's performance was deficient because it fell below an objective standard of reasonableness, and he must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v.*

10

*Washington*, 466 U.S. 668, 687 (1984). On appeal, we "analyze the reasonableness of counsel's conduct on the facts of the particular case, viewed at the time of the conduct." *Okonkwo v. State*, 398 S.W.3d 689, 693 (Tex. Crim. App. 2013). Once an appellant has identified counsel's acts or omissions that he contends were ineffective, the reviewing court must "determine whether, in light of all the circumstances, the acts or omissions were outside the wide range of professionally competent assistance." *Id.* When the record does not indicate that counsel had an opportunity to explain the conduct that is being challenged on appeal, we assume the explanation for the conduct relates to a matter of trial strategy unless the conduct was so outrageous that no competent attorney would have engaged in it. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

In Manning's case, we do not have the benefit of an evidentiary hearing where trial counsel received an opportunity to explain why he chose not to call April as a witness during the hearing the trial court conducted to determine whether testimony about the incident involving April would be allowed to be introduced to the jury. However, the record of the hearing indicates that Manning's counsel chose not to call April as a matter of trial strategy. During the hearing, trial counsel stated that he was not going to call the child as a witness, adding, "I don't believe that's my burden, to get into admissible evidence." This statement suggests

11

that Manning's attorney decided not to call April because he was concerned that her testimony would be unfavorable to his effort to obtain a ruling to prevent the testimony about the incident with April to be introduced to the jury.

In deciding whether to call April as a witness, Manning's attorney was entitled to consider that April's answers might damage Manning's chances to obtain a favorable ruling. We hold that Manning failed to overcome the strong presumption that he received reasonable professional assistance. *See Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). We overrule issue three, and we affirm the trial court's judgments.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 30, 2015
Opinion Delivered December 9, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.