**Opinion filed September 19, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-17-00278-CR

_____

## ROREY DEMONE BOOTH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR48727**

## M E M O R A N D U M   O P I N I O N

The jury convicted Rorey Demone Booth of the third-degree felony offense of forgery. *See* TEX. PENAL CODE ANN. § 32.21(a), (b), (e) (West Supp. 2018). The State sought to enhance punishment based on two prior state jail felony convictions and two prior third-degree felony convictions. Appellant pleaded "true" to the enhancement allegations. The trial court assessed Appellant's punishment at confinement for five years and sentenced him accordingly. We modify and affirm.

Midland Police Officer Brandon Ward conducted a traffic stop of a vehicle in which Appellant was one of four occupants (two male and two female) on January 31, 2017. Appellant was not driving the vehicle. Officer Ward saw Appellant and the other male passenger "making furtive movements to the center console"; Officer Ward believed that the "furtive movements" indicated either an attempt to conceal something or to reach for a weapon. For safety reasons, Officer Ward asked the driver to roll down the back passenger window and noticed the odor of marihuana coming from inside the vehicle. Officer Ward and another Midland police officer removed Appellant and the other male passenger from the vehicle, and Officer Ward searched the vehicle. Officer Ward found a white "potassium pill, 500" in the center console and arrested Appellant for possession of a dangerous drug.

During a search incident to arrest, the officers found thirty $20 bills in Appellant's front pocket. Some of the bills were misprinted in such a fashion that they appeared crooked on the paper on which they had been printed. Additionally, each of the thirty bills had one of two serial numbers. United States Secret Service Special Agent Javier Duran testified that every Federal Reserve Note has a unique serial number; no two bills have the same serial number. Special Agent Duran further testified that the bills that the officers found on Appellant felt thicker than a normal legitimate bill. The optical variable ink on the bills did not change color when held up to the light; that flaw was a further indicator that the bills were counterfeit.

When Officer Ward searched the trunk of the vehicle, he found receipts from Dillard's and Champs, as well as a pair of "Nike Jordan shoes." The receipts were dated January 27, 2017, four days prior to the traffic stop. The receipts reflected purchases that were made with cash. Officer Ward arrested Appellant for forgery.

In his first issue, Appellant argues that his initial arrest was illegal and that, therefore, the evidence obtained as a result of the arrest should have been suppressed. The State asserts that Appellant waived this complaint.

Appellant filed a motion to suppress, and the trial court denied the motion. Normally, that would have preserved the suppression issue for review without further objection by Appellant during the trial. *See Gaines v. State*, No. 11-06-00208-CR, 2007 WL 1026442, at *1 (Tex. App.—Eastland Apr. 5, 2007, pet. ref'd) (not designated for publication); *Greer v. State*, No. 11-04-00264-CR, 2006 WL 1720185, at *1 (Tex. App.—Eastland June 22, 2006, no pet.) (not designated for publication). At trial, however, when the State offered the receipts, shoes, and counterfeit bills seized from Appellant's person, defense counsel affirmatively stated each time: "No objection, Your Honor." The receipts, shoes, and bills were admitted into evidence. The State contends that Appellant's trial counsel waived the previously preserved objection when counsel stated, "[n]o objection," at the time that the State offered the evidence.

In *Thomas*, the Court of Criminal Appeals addressed this issue. *Thomas v. State*, 408 S.W.3d 877, 885 (Tex. Crim. App. 2013). The court noted that, although "[a]n adverse ruling on a pretrial motion to suppress evidence will ordinarily suffice to preserve error on appeal, and a defendant need not specifically object to the evidence when it is later offered at trial," the defendant "must also take care not to affirmatively indicate that he has 'no objection' to the evidence that he [previously] challenged . . . when it is later offered at trial." *Id.* at 881. Such an affirmative statement, the court said, has long "constitute[d] a 'waiver' of the right to raise on appeal the error that was previously preserved." *Id.* at 881–82 (citing *Harris v. State*, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983) (other citations omitted)).

The court added that "the rule that a later statement of 'no objection' will forfeit earlier-preserved error is context-dependent." *Id.* Therefore, appellate courts

3

should review the entirety of the record to determine whether the record "plainly demonstrates that the defendant did not intend, nor did the trial court construe, his 'no objection' statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal." *Id.* Any ambiguity with regard to whether an abandonment was intended or understood should be resolved in favor of finding waiver. *Id.* at 885–86; *see Stairhime v. State*, 463 S.W.3d 902, 906 (Tex. Crim. App. 2015).

To provide context, we point out that, in the testimony that precedes the "[n]o objection" statement regarding the counterfeit bills, Officer Zackary Owens of the Midland Police Department testified that he collected counterfeit bills at the scene. The only objection that Appellant's trial counsel made was that Officer Owens was "not qualified to determine whether it's counterfeit or not. He can testify that he took in some bills, but not that they're counterfeit." Officer Owens then testified about his training and experience with counterfeit bills and stated that, based on that training and experience, it was clear to him that they were not real bills.

Subsequently, when the bills were offered into evidence, Appellant's trial counsel stated, "[n]o objection," and did not refer to Appellant's motion to suppress. Appellant's counsel did not limit his "[n]o objection" statement. Furthermore, there is no indication that the trial court understood that Appellant intended to continue to preserve the suppression issue for appeal. The same is true for the receipts and shoes. Accordingly, we conclude that the record is not such that it "plainly demonstrates that the defendant did not intend, nor did the trial court construe, his 'no objection' statement to constitute an abandonment of a claim of error that he had earlier preserved for appeal." *Thomas*, 408 S.W.3d at 881–82. We hold that Appellant waived any error with respect to the admission of the receipts, shoes, and counterfeit bills. We overrule Appellant's first issue on appeal.

4

In his second issue, Appellant contends that the trial court erred when it entered a judgment of conviction for a second-degree felony against Appellant and that the judgment should be reformed to reflect a conviction for a third-degree felony with punishment enhanced to that of a second-degree felony. The State agrees.

We have the authority to reform judgments when necessary. TEX. R. APP. P. 43.2(b); *see Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). We must reform an incorrect judgment "to make the record speak the truth" when we have the necessary information to do so. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see Bigley*, 865 S.W.2d at 27–28.

The jury found Appellant guilty of forgery, which, as alleged, was a third-degree felony. *See* PENAL § 32.21(e)(1). The trial court properly enhanced the range of Appellant's punishment as to this conviction based on Appellant's prior convictions, but erroneously reflected a conviction for a second-degree felony offense in the judgment. *See id.* § 12.42(a) (West 2019). Although Section 12.42 of the Penal Code increases the range of punishment applicable to the primary offense, it does not increase the severity level or grade of the primary offense. *Ford v. State*, 334 S.W.3d 230, 234–35 (Tex. Crim. App. 2011). Thus, the judgment should reflect that Appellant was convicted of one count of forgery as a third-degree felony, enhanced by a prior felony conviction. We sustain Appellant's second issue on appeal. *See Garza v. State*, 298 S.W.3d 837, 845 (Tex. App.—Amarillo 2009, no pet.) (modifying judgment to reflect correct offense level).

In his third issue on appeal, Appellant argues that the evidence was insufficient to support his conviction. We do not agree.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all

5

the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When we conduct a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

"The elements of forgery by possession with intent to utter are (1) a person (2) 'forges' (3) a writing (4) with[] intent to defraud or harm (5) another." *Burks v. State*, 693 S.W.2d 932, 936 (Tex. Crim. App. 1985). As relevant here, "forge" means to possess a writing that has been altered, or made, or so that it purports to be the act of another who did not authorize that act—with intent to pass, transfer, or otherwise utter a writing that is forged. PENAL § 32.21(a)(1); *see Burks*, 693 S.W.2d at 936.

To obtain a conviction for forgery, the State must prove that the defendant acted "with intent to defraud or harm another." PENAL § 32.21(b); *Okonkwo v. State*, 398 S.W.3d 689, 695 (Tex. Crim. App. 2013). "When intent to defraud is the *mens rea* of the offense, the State must prove facts from which that intent is deducible beyond a reasonable doubt and, in the absence of that proof, a conviction will not be

6

justified." *Okonkwo*, 398 S.W.3d at 695 (citing *Stuebgen v. State*, 547 S.W.2d 29, 32 (Tex. Crim. App. 1977)). Beyond a reasonable doubt does not require the State to disprove every conceivable alternative to a defendant's guilt. *Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015) (citing *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012)). "Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.* at 809. Intent may be inferred from circumstantial evidence, such as words, acts, or conduct. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). However, intent to defraud cannot be inferred from mere evidence of possession, passage, or presentment of a forged instrument. *Albrecht v. State*, 486 S.W.2d 97, 102–03 (Tex. Crim. App. 1972); *Johnson v. State*, 425 S.W.3d 516, 520 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

This is not the type of counterfeit case where there is direct evidence that a defendant attempted to pass a counterfeit bill to another person or business. *See, e.g.*, *Word v. State*, No. 11-14-00292-CR, 2016 WL 5853224 (Tex. App.—Eastland Sept. 30, 2016, no pet.) (mem. op., not designated for publication). However, as we have noted, direct evidence and circumstantial evidence are equally probative.

The evidence in this case shows that Appellant did not possess one or two counterfeit $20 bills, he possessed thirty of them—$600 worth. The State argues that the cash transaction receipts found in the trunk of the vehicle in which Appellant was a passenger constitutes evidence that Appellant had the intent to defraud. It would have been ideal if the State could have called a witness from Dillard's who remembered Appellant and that he paid with two $20 bills as opposed to some other combination of bills. However, the fact that the Dillard's receipt shows a tender of cash in the exact amount of $40 is a circumstance that the factfinder could consider

on the issue of intent to pass the counterfeit twenties that Appellant possessed. The same is true of the "Nike Jordan shoes," the other cash-transaction Dillard's receipt, and the Champs receipt that also showed a cash transaction. Perhaps it would also have been ideal if the State had presented evidence as to Appellant's shoe size as compared to the Nike shoes or had presented testimony from a Dillard's employee or Champs employee who remembered the other transactions. The State presented neither.

But in addition to the other evidence that it offered, the State presented evidence that one of the female passengers in the vehicle told Officer Ward that Appellant "just went on a shopping spree, basically." Although that statement is not reflected in Officer Ward's report and he could not remember which female passenger made the statement, Officer Ward testified that the statement is reflected on the dashcam video that he reviewed. The video was not introduced into evidence. Officer Ward also testified as to his own observation that the merchandise in the trunk suggested that "someone just basically just went on a shopping spree." The jury was entitled to determine Officer Ward's credibility.

We believe that the circumstantial evidence in this case is sufficient to support a finding that Appellant possessed the counterfeit money with the intent to defraud or harm. Appellant possessed $600 worth of counterfeit money. There was no evidence presented that anyone else in the vehicle possessed counterfeit money. The receipt from Dillard's shows an amount of cash tendered that would correspond to the tender of two $20 bills. Further, the officers found another cash transaction receipt and a pair of new "Nike Jordan shoes" in the trunk of the vehicle. All these circumstances, when coupled with Officer Ward's observation that it looked like "someone just basically just went on a shopping spree" and with the passenger's statement that Appellant "just went on a shopping spree, basically," sufficiently support the verdict.

8

When viewed in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that Appellant committed the offense of forgery. We overrule Appellant's third issue.

We modify the judgment of the trial court to reflect a conviction for a third-degree felony, and as modified, we affirm the judgment of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


September 19, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.