**AFFIRM; Opinion Filed May 18, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00728-CR**
**No. 05-22-00729-CR**
**No. 05-22-00784-CR**

**ANGEL MALDONADO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-59968-K, F19-59969-K, and F19-59970-K**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Smith

Appellant Angel Maldonado pleaded guilty to three charges of aggravated assault with a deadly weapon, and the trial court assessed fifteen years' confinement for each charge with the sentences to be served concurrently. In a single issue, appellant contends that the trial court abused its discretion in denying his motion for new trial based on ineffective assistance of counsel. We affirm.

## Background

Appellant was charged with three counts of aggravated assault with a deadly weapon after he fired gunshots at an occupied vehicle in a restaurant parking lot. He entered, and the trial court accepted, an open plea of guilt to each count.

At the plea hearing, Antwone Wright testified that he was driving his vehicle in a Chik-fil-A parking lot. His wife was seated in the front passenger seat, and his son was seated in the middle of the backseat. As Wright pulled into a line of vehicles, another vehicle jumped in front of him. Wright honked and raised his hands; the driver of the other vehicle lowered his window, fired two shots at Wright's vehicle, and drove away. One bullet shattered a rear passenger window and became lodged in the back of Wright's headrest. The other bullet went through the vehicle's bumper. Wright was able to provide police with the other vehicle's license plate number and, subsequently, appellant was arrested.

Appellant also testified at the plea hearing. He acknowledged shooting at the Wright family. He previously reported that he was "acting in self-defense because there was a gun pulled on [him]" but, at the hearing, explained that he saw the vehicle's window lower and somebody "stick their hand out, like they were trying to pull out a gun at me." Appellant further admitted that he had been under the influence of alcohol and Xanax at the time of the shooting and "really didn't think about anything [he] did at the time."

Appellant had a pending driving while intoxicated (DWI) case when he committed the aggravated assault offenses. He attended and successfully completed DWI and victim impact classes. He also had been honest in his pre-sentence interview with the probation department and an interview with "a clinical person regarding drugs and alcohol and mental health." He asked the trial court to take his cooperation, as well as the reports generated from those interviews, into consideration. Appellant testified that he understood the consequences of his actions and that his conduct had been dangerous and unreasonable. He also apologized to the Wright family.

At the time of the plea hearing, appellant lived with his parents and brothers and worked approximately forty-eight hours each week in an auction warehouse. He denied having a criminal history other than the DWI and aggravated assault offenses. However, he admitted to drinking alcohol, taking Xanax without a prescription, and possessing a firearm while released on bond for the DWI offense. He further admitted to drinking alcohol and using marijuana while released on bond for the aggravated assault offenses.

Appellant had attempted suicide in the past and believed it would be good for him to see a mental health provider. He smoked marijuana to help with anxiety, but understood that he would have to find a legal way to manage his anxiety. He testified that he needed help.

After hearing the evidence, the trial court found appellant guilty and sentenced him to fifteen years' confinement, to be served concurrently, in each case.

Appellant filed a motion for new trial, alleging trial counsel was not prepared for the hearing and provided ineffective assistance of counsel by failing to arrange for character and expert witness testimony. In an affidavit attached to the motion, appellant averred that trial counsel passed his case for many months. They did not discuss legal defenses, character witnesses, or the evidence. Trial counsel told appellant he was getting probation and not to worry. According to appellant, his parents, siblings, neighbors, and friends are examples of character witnesses who would have testified on his behalf, but trial counsel did not investigate or prepare his case.

During a hearing on the motion for new trial, appellant introduced into evidence a list of fourteen individuals he asserted would have been called to testify on his behalf had trial counsel done any investigation or contacted anyone in his family. The individuals were family members, friends, a co-worker, and a mitigation expert.

One of those individuals, Lizett Deleon,[1] was the sole witness to testify at the hearing. Deleon testified that appellant's case had been postponed each month.

---

[1] Deleon did not testify about her relationship to appellant, but trial counsel noted that appellant lived with Deleon.

Appellant was not advised that he was going to appear in court prior to the plea hearing. According to Deleon, if appellant "knew that he was going to see the Judge that day, we would have been aware and we would have been here." It is unclear to whom Deleon is referring, but she further testified that she understood that trial counsel would notify her and appellant's family when to come to court for the plea hearing. She acknowledged, however, seeing pass slips that trial counsel provided to appellant to inform him of the next court date and what he needed to complete before then.

According to Deleon, appellant attended his DWI classes and was always on time; he wanted to show the trial court all the things he was doing to get back on the right path. Appellant planned to plead guilty, talk to the trial court, and see if he could get probation.

After hearing the evidence and argument of counsel, the trial court denied the motion for new trial. This appeal followed.

### Standard of Review

We review a trial court's denial of a motion for new trial alleging ineffective assistance of trial counsel for an abuse of discretion. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013). We reverse only "if no reasonable view of the record could support" it. *Id*.

A trial court has wide latitude in deciding whether to deny or grant a motion for new trial. *State v. Boyd*, 202 S.W.3d 393, 401 (Tex. App.—Dallas 2006, pet.

–5–

ref'd).  In reviewing the trial court's decision, we "view the evidence in the light most favorable to the trial court's ruling, defer to the court's credibility determinations, and presume that all reasonable fact findings in support of the ruling have been made."  *State v. Thomas*, 428 S.W.3d 99, 104 (Tex. Crim. App. 2014).

## Ineffective Assistance of Counsel

In a single issue, appellant asserts the trial court abused its discretion in denying his motion for new trial.  Specifically, appellant contends the evidence demonstrates that trial counsel did not contact or present readily-available mitigation witnesses at the plea hearing and "[i]t is not reasonable to assume that the fourteen witnesses could not have altered the outcome."

A criminal defendant has the right to reasonably effective assistance of counsel.  U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).  The right to effective assistance of counsel requires objectively reasonable, but not errorless, representation.  *Lopez*, 343 S.W.3d at 142 (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984), and *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)).

To establish ineffective assistance, an appellant must prove by a preponderance of the evidence that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687; *Lopez*, 343 S.W.3d at 142; *see Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test

–6–

negates a court's need to consider the other prong."). For the first prong, an appellant must show that "counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms." *Lopez*, 343 S.W.3d at 142. For the second prong, an appellant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Lopez*, 343 S.W.3d at 142. A reasonable probability is one sufficient to undermine confidence in the outcome. *Lopez*, 343 S.W.3d at 142. The *Strickland* test applies to ineffective assistance claims involving both the guilt-innocence and punishment phases of trial. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).

A defendant asserting ineffective assistance of counsel in the punishment phase of trial must demonstrate, by a preponderance of the evidence, a reasonable probability that, absent counsel's errors, a more lenient punishment would have been assessed. *See Strickland*, 466 U.S. at 695; *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018). To establish prejudice because of trial counsel's failure to call witnesses, a defendant also must show that he would have benefited from the witnesses' testimony. *See Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (defendant could not establish prejudice when uncalled alibi witness's testimony would not have benefited defendant; even according to witness's affidavit, it was still possible that defendant committed crime); *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983) ("failure to call witnesses at the guilt-innocence and

punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony").

Here, appellant provided a list of witnesses that "would have been called" had trial counsel properly investigated and prepared his case. There is no evidence, however, regarding what those witnesses, save perhaps Deleon, would have testified to at the plea hearing. Accordingly, appellant cannot show that he would have benefited from the testimony of those witnesses in any meaningful way. *See, e.g.*, *Ex parte Vetcher*, Nos. 05-18-00224-CR–05-18-00226-CR, 2018 WL 4103211, at *11 (Tex. App.—Dallas Aug. 29, 2018, no pet.) (mem. op., not designated for publication) ("Without knowing what type of mitigating evidence, if any, was available, appellant has not carried his burden to show that such evidence would have impacted the punishment assessed to such a degree that the failure to obtain character references constituted ineffective assistance of counsel."); *Lewis v. State*, No. 01-17-00860-CR, 2019 WL 3022972, *6–7 (Tex. App.—Houston [1st Dist.] July 11, 2019, pet. ref'd) (mem. op., not designated for publication) (trial court reasonably could have determined that defendant was not prejudiced by counsel's failure to develop mitigating evidence for punishment phase when defendant did not demonstrate how testimony of potential witnesses would have benefitted him); *Washington v. State*, 417 S.W.3d 713, 725 (Tex. App.—Houston [14th Dist.] 2013 pet. ref'd) (defendant did not establish prejudice related to counsel's failure to request appointment of investigator, testimonial expert, or consulting expert when

there was no evidence of what an investigation would have revealed or what benefit an expert would have provided).

Deleon's testimony included some mitigation evidence consistent with appellant's plea hearing testimony that he conscientiously attended his DWI classes and was taking steps to get back on the right track. The trial court, however, was the sole judge of witness credibility at the motion for new trial hearing, and we presume that, in denying the motion, the court concluded that the additional mitigation evidence would not have affected its decision on punishment. *See Smith v. State*, 286 S.W.3d 333, 344 (Tex. Crim. App. 2009) ("Only the trial judge in this case could have known what factors he took into consideration in assessing the original punishment, and only he would know how the defendant's testimony, if allowed, might have affected that assessment."). On this record, we likewise conclude that appellant did not demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Because appellant did not establish prejudice resulting from trial counsel's allegedly deficient performance, the trial court did not abuse its discretion in denying his motion for new trial. Accordingly, we overrule appellant's sole issue.

The trial court's judgments are affirmed.

        /Craig Smith//

        CRAIG SMITH
220728f.u05        JUSTICE
220729f.u05
220784f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ANGEL MALDONADO, Appellant

No. 05-22-00728-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F19-59968-K.
Opinion delivered by Justice Smith.
Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 18th day of May, 2023.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ANGEL MALDONADO, Appellant

No. 05-22-00729-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas
Trial Court Cause No. F19-59970-K.
Opinion delivered by Justice Smith.
Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 18th day of May, 2023.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANGEL MALDONADO, Appellant

No. 05-22-00784-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F19-59969-K.
Opinion delivered by Justice Smith.
Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18ᵗʰ day of May, 2023.