**Affirmed and Memorandum Opinion filed December 7, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00240-CR

---

**PHILLIP LLOYD TRAHAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 1584999**

---

### MEMORANDUM OPINION

The sole issue in this appeal is whether appellant Phillip Lloyd Trahan received ineffective assistance of counsel at his trial for intoxication manslaughter with a deadly weapon, a motor vehicle. Appellant hit and killed a cyclist while he was driving in a public park, did not stop and render aid, fled the scene, and ran into the woods, where he was later apprehended by law enforcement.

In this appeal from trial-court cause number 1584999, the jury found appellant guilty of the second-degree felony and found that appellant used a deadly

weapon during the commission of the offense. *See* Tex. Penal Code Ann. §§ 1.07(a)(17) (deadly weapon), 49.08 (intoxication manslaughter). The jury assessed punishment at imprisonment for 18 years. *See* Tex. Penal Code Ann. § 12.33. Appellant was also charged and convicted of failure to stop and render aid in trial-court cause number 1584710, in which the jury assessed punishment at imprisonment for 10 years with a recommendation for probation, which the trial court accepted. *See* Tex. Transp. Code Ann. § 550.021(c). No motion for new trial was filed.

On appeal, appellant contends his counsel was ineffective because: (1) counsel filed no pretrial motions outside of motions to continue; (2) counsel did not adduce evidence of appellant's mental-health history and develop this issue for the jury; (3) counsel did not exclude evidence of extraneous misdemeanor offenses; (4) counsel did not request a jury instruction on the lesser-included offense of driving while intoxicated; and (5) counsel did not object to prejudicial social-media evidence presented by the State at the punishment phase.

Evaluating claims of ineffective assistance of counsel under the Sixth Amendment involves a two-pronged test: (1) whether counsel was deficient, and (2) whether the defendant suffered prejudice as a result of counsel's error. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To establish that counsel's actions were deficient, the appellant must show, by a preponderance of the evidence, that counsel's actions fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88; *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

2

*Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Courts should consider the reasonableness of counsel's actions at the time, rather than viewing such actions through the benefit of hindsight. *Strickland*, 466 U.S. at 689. The court should make this determination in light of all the circumstances in order to determine if the actions fall outside the wide range of professionally competent assistance. *Id*. at 690.

"Under most circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the strong presumption that counsel's conduct was reasonable and professional." *Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004). Given this fact, trial counsel should ordinarily be afforded an opportunity to explain his conduct before being denounced as ineffective. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). In the absence of such an opportunity, when faced with an undeveloped record on direct appeal, "[c]ourts 'commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it.'" *Okonkwo v. State*, 398 S.W.3d 689, 693 (Tex. Crim. App. 2013) (quoting *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005)). Counsel's actions are considered deficient only if the court finds, as a matter of law, that "no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

We have reviewed entire trial record, and without an evidentiary motion for new trial at which trial counsel was afforded an opportunity to explain his conduct,

we cannot conclude as a matter of law counsel had no reasonable trial strategy.[1] Further discussion of the alleged ineffective assistance would not serve any purpose and could possibly prejudice any future habeas-corpus proceeding on ineffective assistance of counsel.

We overrule appellant's sole issue and affirm the trial court's judgment as challenged on appeal.

/s    Charles A. Spain
      Justice

Panel consists of Justices Wise, Bourliot, and Spain.
Do Not Publish —Tex. R. App. P. 47.2(b).

---

[1] We note that although there were oral discussions at trial that the jury would assess punishment, trial counsel did not timely submit a written election for the jury. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b). When the trial court initially balked at the jury determining punishment, trial counsel stated, "I will be filing an affidavit of ineffective assistance of counsel." Appellant and the State agreed that the jury should assess punishment, and the trial court agreed.